# Exhibit 30

| | |
|---|---|
| **From:** | Susan Parrish |
| **To:** | Pamela Nicholson |
| **Cc:** | "Robert Storrs" |
| **Subject:** | Psychopathy |
| **Date:** | Saturday, March 17, 2007 8:09:02 PM |

Pam,

I apologize for the other articles. This was the article I was looking for. Look on page 337. Hare mentioned this also, but this is such a clear presentation. In the DSM-III and DSM-III-R, someone could be diagnosed with Conduct Disorder if they lied, were truant and got into fights (that's 3 out of 12 types of deviant behavior). Out of the 12 referrals Paul had at one time in school, only one was for fighting. Most of the other referrals were for doing things to get attention.  I don't know of any instances of cruelty to animals or people in Paul's record.

On the same page, look at what Widom said. This is Paul. Then add to it what Robins said. On top of this, Paul is impaired and has PTSD.

I won't go on and on, but let me draw your attention to the last sentence on the second full paragraph on page 338 about validity vs. reliability.

I have not finished the article, but it really nails the problem.

Susan

Exhibit 31

| | |
|---|---|
| **From:** | Pam Nicholson |
| **To:** | "lbcroft@cox.net" |
| **Cc:** | "rlstorrspc@netzero.net" |
| **Subject:** | Paul |
| **Date:** | Friday, March 30, 2007 7:13:00 AM |

Lesley,

I forgot to call you yesterday after the jury came back.  It was bad news.  Paul held up.

On Wednesday, after a couple of hours of deliberation, the jury sent a note asking what to do if they couldn't agree.  Evidently two were holding out for life.  They came back yesterday morning and after an hour or so decided on death.

I stayed and talked with some of the jurors.  The short version is – (1) they saw no evidence of remorse, (2) they didn't believe that Paul was sexually abused or otherwise victimized – it was all lies and manipulation by Paul, and (3) our experts were hired guns who bought into Paul's manipulation, were sloppy, slanted their opinions in his favor, cooked up the PTSD nonsense, and talked down to them, while Bayless was prepared, well-informed, and straight-forward.

We're devastated.

Pam

Pamela Nicholson
335 East Palm Lane
Phoenix, Arizona   85004-1532
602-253-2900  Office
602-253-2915  FAX

"You can only protect your liberties in this world by protecting the other man's freedom." - Clarence Darrow

This message and any attachments are attorney privileged and confidential information intended only for the individual or entity named above. If you are not the intended recipient, or the employee or agent of the recipient responsible for delivery, you may not read, copy, use or distribute this information, and your unintended receipt does not waive any privilege or confidence. If you have received this message in error, please notify me immediately by reply email and then immediately delete the original and all copies of this message, including any copies contained in any dleleted items folder. Thank you.

Exhibit 32

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

STATE OF ARIZONA,

    *Respondent,*

v.

BRIAN A. WOMBLE,

    *Petitioner.*

Case No.: CR2002-010926B

**DECLARATION OF SABRINA WOMBLE**

### DECLARATION OF SABRINA WOMBLE

I, Sabrina Womble, declare, under penalty of perjury, the following to be true to the best of my information and belief:

1.      My name is Sabrina Womble. I am the mother of Brian Womble, Chris Womble, Delilah Womble, and Paul Speer. I am married to William "Bill" Womble. I was previously married to Paul Speer's father, Paul Michael "Mike" Speer.

2.      I grew up in Phoenix. I went to Westwood Elementary and then Cordova Elementary, where the boys went. I was raised with my brother Steven. My mother, Sylvia, left my dad, George, when I was small. I have been responsible for everything since then. When we moved in with my grandmother, I still did all the work. My grandmother was a fourth-grade teacher. Her name was Thelma Cates—she was my dad's mother. She is dead, and my dad passed away nearly ten years before Thelma.

$\int W$

\

3. My father, George, overdosed all the time when I was young. My grandmother knew what to do and she showed me. We'd pull him out of the bathroom and deal with it. We never called for ambulances. He had an accident and hurt his leg, that's when my mom left and he got addicted to pills. He was building Harleys and started hanging around bikers and biker gangs. They were around the house all the time when I was a kid. Then, when my dad couldn't get a hold of pills, he'd take anything else he could get his hands on, mainly heroin and Dilaudids.

4. I ran away from home when I was little, I'd run away from home and not eat for three days. I got married at 15 to avoid living at home. My dad came home sometimes and just punched and slapped me and my brother for no reason at all. He was just irritated. Thelma came in and stopped it if she was home. My grandmother paid for my dad to go to an expensive rehab place and he cleaned up for awhile, but it didn't last. My grandmother spent all her money on him. She had nothing left afterwards.

5. My dad stayed with my grandmother on and off until he died. That was fine until Steven moved in with them. My brother Steven is a meth addict. I used to let him stay with me, but then things would start to go missing. I had to kick him out and get a restraining order, I just couldn't deal with him anymore. He would pay his rent, but he never paid it in full. He would use the rest for drugs. I got a restraining order because he was dangerous.

6. Steven split my head open once, he hit me with a Billy Club or something. I had brain damage as a result I couldn't remember the names for things, so I would just call everything "thing." The hospital just stitched me up and sent me home. I never received any real treatment.

$5W$

2

This was before I married Bill. That was when Paul and I were staying with my parents, after I got divorced. Paul went into his uncle's room, asked him to play. Steven was sleeping and Paul had woken him up. Steven was really mad about it. I was making Paul his lunch, so I had a knife in my hand. Steve said that I had better be glad I had a knife in my hand, or he would have come at me right then. He then went away and came back with a Billy Club, and he hit me right over the head. I was walking down the street with blood streaming down my head. These cops stopped me and took me to the hospital. They wanted me to press charges, but I knew that wouldn't change anything. He would just be out in a couple of weeks.

7.    The last time I saw Steven he was on the streets still, sometime in 2014. He came down to where I received dialysis. They called me, and he said he wanted to borrow a few dollars. I went down there and when I realized how much he wanted, I just turned around and came home because I don't have that much money. I thought he wanted $5 or $10. If I had as much money as he wanted, I'd have spent it on myself.

8.    I told Steven he needs to get off the streets or he's going to die. He's gotten off the streets before. He knows how to do it. There are places to help you. But he's not mentally ready. I don't know what his problem is. Before he died, my father told me I was going to have to take care of my brother for the rest of his life. I used to have that guilt and I used to take him in because of it. Not anymore. Every time I took him in, something bad would happen.

9.    After my first marriage ended. I married Mike Speer and we had Paul. After Mike and me divorced he had nothing to do with Paul really. And he didn't pay the child support he

was supposed to. Mike did a lot of damage to Paul by telling him he'd take him out of town, or take him for the weekend, and then never doing it. Paul had so much hate in him, but didn't know who to direct it to, so he directed it at us, his parents and his brothers and sister.

10.     Bill lived down the street from me when I was growing up. I met him when he was 12 and he offered to mow our lawn. My grandmother wouldn't pay him much for it, but he said he didn't mind. She told him the price and he said "okay." We didn't get together until much later, after I had been married to Mike and had Paul.

11.     Bill's family was all roofers. I never met Bill's father—he died before we were married. He fell off a roof. It runs in the family. I was talking to an aunt, and she said all the men died falling off roofs. Bill was crippled for a solid year after a fall.

12.     Bill's brother, Robert Womble, got into drugs, cocaine, and he also drank heavily. John, my brother-in-law, was physically abusive towards his wives, but he loved his kids. John Jr. kicked his last wife out and kept the kids. She was on crack. CPS came and took the kids, and John got them back when he gave a clean ~~test~~ urine SW. She did~~n~~'t go to the hospital to have the kids, because she knew they'd take them away. She had the kids to get child support, and she never ran into a man who wanted the kids instead, until John.

13.     John Jr. had his own roofing business, and Mike Womble and Bill worked with him. John worked Bill to a cripple. Bill worked from sun up to sun down. John is very aggressive.  In fact, his violence is what caused Mike to stop speaking to him. John threw a hammer off a roof

SW

4

one time and it hit the truck of either the owner of the house or a worker, and it smashed the windscreen. Another time, John hit Mike with a hammer. At that point, Mike left the business.

THEN MIKE RAN JOHN OVER WITH THE TRUCK. *SW*

14.     I was a bad mother and I regret not doing more for my kids. I started taking drugs in high school. When I started in high school it was marijuana and pills, mainly Valium, then not long after that I began using heroin. *ME + BILL SW* introduced Paul and Chris to heroin because they were using methamphetamine. I thought it was too dangerous for them to be running back and across the freeway to get the methamphetamine, so I offered them my heroin. I've been on methadone on and off over the years, but I've always continued to use pills and heroin *or Morphine. SW*

I HAVEN'T BEEN ON HEROIN MY WHOLE LIFE CONSTANTLY, SOMETIMES JUST METHODONE, THAT'S WHAT I MEANT AT PAUL'S *TRIAL*

15.     I was exhausted after I had Chris. Then I just got pregnant again with Brian—
*I DIDN'T WANT ONE AT ALL. SW*
it wasn't planned. I didn't want another baby so soon. We were lying in bed and this baby suddenly kicked. I got frightened. I thought, "what was that?" I was five-months pregnant with Brian and I didn't know it. Brian's birth was hard. His head was backwards, and he died during delivery. He stayed in the hospital after he was born because he had drugs in his system. In the hospital they gave me these leaflets about circumcision. They said I shouldn't circumcise Brian, but I did it anyway, out in Scottsdale. Then Brian got an infection from his circumcision. *THEY'D USED DIRTY INSTRUMENTS. SW*

16.     Brian was a really good baby; he was easy to take care of. Brian was bigger than Chris – they were really different. Physically, Brian takes after my dad—he was a tall man—six foot six. Chris looks the same as Bill. When Chris and Bill are moving about the house, I don't know which is which.

*SW*

*S*

17.     Then Delilah just happened. We didn't want another kid. We were only going to have two kids, because we just couldn't afford more. We just couldn't afford that many kids. We did what we could, but we had only planned on having two kids. We knew we couldn't support four kids, so there was always a problem—not enough clothes, not enough of everything they needed. I was taking birth control and I still got pregnant. I thought I could handle two, and then I got pregnant anyway even though I was taking birth control. There was no way I was having more after that. It was a lot easier for me raising a girl than it was raising boys. I didn't like staying at home with the kids.

SW

I DIDN'T WANT FOUR KIDS, I COULDN'T SUPORT FOUR KIDS NOT FINANCIALLY, NOT MENTALLY.

18.     Paul always tried to drag Brian into things. Brian would do anything that Paul wanted. Paul was such a troublemaker, he really was. He used to beat on Brian and make him do things. One time, Paul was trying to blow up Veronica's car, and he tried to get Brian involved. Another time he took a log and hit Brian in the head with it because Brian wanted to walk to school with him. There was a girl Paul wanted to walk with, and so he wanted to get rid of Brian. Paul was mean, very mean to Brian. Brian was mellow, but Paul and Chris were hard.  If it wasn't Paul dragging Brian into things, it was his friend Roger. His friend Roger would do something, and it seemed like Brian would always get into trouble for it.

19.     Paul didn't help with Brian's shyness and stutter. Paul always jumped in, and it caused Brian to have a stutter worse. Paul always wanted the attention. When Brian got a speech therapist at school that helped. Chris and Paul always had hundreds of friends, but Brian only ever had one or two friends.

SW

6

20.    Brian was a caring kid. When he went to his daddy asking for a candy bar, Bill would take him to the store. Brian would ask if there was enough money for all the other kids to get candy. If there wasn't enough, he wouldn't have any. Most kids wouldn't do that.

21.    Brian always looked after his little sister. Delilah was close to Brian. Brian was the most important person in her life. He would look out for her. They were so close, Brian took her to school most days and made sure she was doing OK. Delilah was dating these older men when she was 11-years old. They were 25-years old. Brian didn't fight them—he just told them how old she was, that she was a little girl. One guy held a gun at him, and he just stood his ground. Brian wasn't scared of the gun; he wanted to protect his little sister.

22.    Growing up Brian really wanted a girlfriend, but whenever Brian got a girlfriend, then his friends Roger or James would take her away from him. The girls told Brian he was ugly, and it really hurt his feelings, he believed them. ~SW~ Brian was so shy and had really bad self-esteem issues. BRIAN LOVED TOO MUCH.

23.    When the kids were little we lived off Missouri and 33rd Avenue. It was like we were in a warzone in that neighborhood. Bill's mom's house and grandmother's house were around there. The old neighborhood did a lot of damage. When Brian was little—three or five years old, he had a cat named Talbot. Kids in the neighborhood ran it over with a car, or tried to kick it for a field goal. Bill and I had gone out, and we came back and the cat was acting all weird. Brian SW always liked cats and he was very upset when the cat was injured. THE CAT WAS BLEEDING OUT ITS MOUTH AND RECTUM. BILL TOOK THE CAT OUTSIDE & PUT IT DOWN. BRIAN WAS CRYING.

SW

7

$\zeta w$  ABABY

24.     When Brian was about three years old, he said, "Grandpa Womble." But grandpa Womble was already dead. I think he must have seen a ghost. He couldn't have known the name "grandpa Womble," because grandfather has been dead for a longtime, since before Brian was born. I got so scared I went and hid behind the dresser. I thought there was a ghost in the house. I thought his spirit was maybe there, I don't know. I just hid for a second.

25.     I was in bed one night, and in the middle of the night I could hear Chris's voice in my head, he said he had been hurt really bad, and the police were after him and he was on a roof with his buddy. He asked me what he should do. I told him to wait until the cops changed shifts and then get straight back home, and he said OK. Sure enough, he came walking in that morning and he had a tire track across his chest, he'd been run over. There's a lot of things like that with me and Chris. We can communicate.

26.     We had a dog named Privilege, I was so attached to Privilege. I've never been attached like that to a dog. When he talked to me that one time, it was just one time, but, wow. Privilege was so smart. Privilege was maybe about a year old when he talked to me. The only thing he ever said to me was, "I want to go outside" in a real deep voice, like it was really hard for him to say that. It scared me to death, but I took him outside. Then he must have figured out it was too hard to do, because he only did it that one time. You hear of people trying to get their dogs to talk. I never tried to coax him into saying anything ever. He just came up to me and said that. I was scared, and I figured I better get him out. He never did it again.

$\zeta w$

8

27.     I tried to stick Bill with a fork once. He was yelling at me, and he called the police

and they took me to a mental facility. I HAD BEEN RAPED PREVIOUSLY AND

I WASN'T ALL TOGETHER   SW

28.     When Delilah started skipping school, Bill had to go to a parenting class. They tried

to put me in the county jail because I should have known she was ditching. Delilah left school at

about 15 and moved out, she got her own house with PJ, her boyfriend at the time.


29.     Everyone thought that Brian was going to be the one who would get out of here and

make a family and have a job and his own place. I thought Brian was really going to make it. Of

all my boys, I thought he would be the one. Maybe he will, but in the Millennium, when we are

                                                IS SW
spiritual beings. He was a kind, loving person.


30.     Brian was doing so well. Brian did martial arts, he worked, and he went to electrical

college.  Brian loved doing the martial arts. He was very upset when the classes ended, he had

been doing the classes for a couple of years. But just after Paul and Chris did the burglary, Brian

had some kind of breakdown. He didn't sleep for a month.


31.     Brian was living with a guy called Al for a while before this all happened. Bill and I

told the kids that Al will take you places and spend money on you. And we told them, you can

do that, but he is a predator, he has a crush on all the boys. Al thought that he and Paul would be

great lovers, that they would get married or something. But then, he set his sights on Brian once

he turned 18. He wanted to take these shirtless pictures of Brian. Al was friends with a bunch of

kids, and he was a man in his 50s, that's weird. He was a friend to kids—that was Al's thing.

                                                                            SW

                                                                            9

32.    Paul kept coming up with dumb plans while he was in jail. I tried to get Brian to stop taking calls from Paul. He was talking to him every day. He was messing with Brian's head. I told Brian not to take Paul's calls. Paul knew Brian was sick; he knew it, and he talked him into doing this. Brian was in a deep depression and having so many mental problems. It would kill me if Brian stayed on death row and was executed. Brian was the best of all my kids. Brian was the least problematic of all my children.

33.    Brian went to see someone in the medical profession before this happened, and I thought that would help or do something. He knew he needed help. That wasn't the place he should have gone. I should have put him in an institution or I should have gone to Terros and gone in with Brian, make sure they took him seriously. I could have done more to help Brian. After Terros turned Brian away, he came to me and we prayed together. He gave his soul to Christ. I thought it was over. BUT I SHOULD HAVE GONE HOME WITH HIM THAT NIGHT. SW

34.    Brian needed medication. I didn't think this would happen, and if I had known, I would have done more. I should have gone with him that night to the Terros clinic. I should have done more to try and help him. But I didn't think something like this would happen. I didn't think he'd go this crazy. Leading up to this, Brian kept calling me, saying he was going to kill himself. I knew he needed help, but I didn't know where to take him and we didn't have the money to take him somewhere. I DON'T KNOW WHERE TO GO AND I WAS SCARRD TO DEATH. SW

BRIAN THOUGHT THERE WERE DEMONS OR PEOPLE LIVING IN HIS BED AND FURNITURE. SW

10

35.     Brian calls me from prison; the calls are hard for me. He sounds so sad. He's depressed. I believe in the death penalty—an eye for an eye. This whole thing hurt everyone. ~~the time, I thought Brian would.... that that would~~

~~Just like how you.... a child.... Brian don't think that~~ —I don't think Brian deserves the death penalty. PAUL CAUSED THIS SHIT, HE HAD HIS OWN PROBLEMS, BUT HE CAUSED THIS SHIT. PAUL CAUSED EVERYTHING. BRIAN DOESN'T DEATH

36.     My kidneys and my heart went bad after 2002. I have dialysis ~~on~~ three times a week. ~S W~ They never seem to get enough fluid from me when I go for dialysis. Kidney disease runs in my family. I've had troubles with the disease since I was a little girl, but they worsened around 2002. It's hard to walk. I feel awful.

37.     After I had my car wreck recently, they found out I had pancreatitis. That's something I've been dealing with since I was about 16. I've had it all my life, but they could never diagnose it, and they finally did an MRI and found it after the wreck. Before the wreck, my side was hurting all the time. Then, it got a whole lot worse after the accident. What happens is your pancreas starts digesting itself. My doctor's not really treating it. Some people have morphine for it—it's one of the most painful diseases out there. But my doctor doesn't want to give me anything. ~~he~~ SW

38.     Delilah is depressed, she sleeps all day. Bill has been prescribed medications for depression, but he won't take it. He says he's not his normal self when he's on them.

SW

11

39.    There was this woman, a mitigation specialist, who came to the house, it was about twelve years ago, right after Brian was arrested. She told Delilah that we were really bad parents, and that if she wanted, she'd get her into a foster home. Delilah comes running to me, tears in her eyes. She said she would get Delilah a new home. DELILAH LEFT HOME RIGHT AFTER THAT AND NEVER CAME HOME. SW

40.    We went to the office of Brian's first defense lawyers. When we went to the attorney's office, there were like six people there- -lawyers and police. They seemed to want to find some way to put us in prison. This was the first lawyer, who got off his case. Then Brian got his second defense lawyers.

41.    Brian's trial attorneys, the second defense lawyers, gave him no advice. Instead, Brian came to me for advice, but I wasn't a lawyer. My hobby was reading medical books, but they get out of date so fast. I'm worried that I gave my boys the wrong advice and that I made it worse for them when I told them to plead not guilty. I feel like I didn't help my sons. They kept asking me what to do, and I didn't know.

42.    I never spoke to Brian's second lawyers or his mitigation specialist, the ones that went to trial, although I know that Brian's mitigation specialist was Bill's probation officer from the 1970s; I just spoke to the lady mitigation specialist that got off his case. I would have shared this information with them if they'd have asked and I would have testified on Brian's behalf at his trial.                SW

43. I NEVER MET WITH ANY DOCTORS OR EXPERTS ON BRIAN'S CASE. I ONLY EVER MET PEOPLE ON PAUL'S CASE.

SW

12

I have had the opportunity to review and correct the foregoing $1\mathcal{S}$pages, and I declare that the foregoing is true and accurate to the best of my knowledge.

Date: $\underline{Jan\ 10\ 2015}$

_____
SABRINA WOMBLE

_____
Witness

$5w$

$1\mathcal{B}$

Exhibit 33

# ADULT COMPREHENSIVE ASSESSMENT

Assessment Date  _11/12/99_

Consumer Name  _Sabrina Womble_

Address  _2420 W Glenrosa #15_

Social Security #  _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_

AHCCCS ID# _____—_____  Rate Code _____

PCP/Physician  _none_

Legal Guardian  _N/A_

Emergency Contact  _Lupe (neighbor) - message for husband_

Legal Status: Voluntary  ✓  Involuntary _____

Other current County/State agency involvement  _none_

Primary/Preferred Language  _English_

Previous ComCare/Codama Consumer: No ✓ Yes ____  If yes, Clinic site ____—____  Phase level —

Referral Source  _self_

Time Spent with Consumer for eval (min) _60_

DOB _1/2/58_  Phone  _none_

City  _Phoenix_  State _AZ_  Zip  _85015_

Consumer ID# _____

Health Plan  ____—____

Telephone # ____—____

Telephone # ____—____

Telephone #  _602-266-1406_

Explain _____

Date of Referral:  _11/12/99_

Please identify sources of information (check all that apply):

☑ Consumer   ☐ Guardian   ☐ Family member (Name/relationship): _____

☐ Agency/ Records(list) _____   ☐ Other: _____

## PRESENTING ISSUES

If the consumer is unable/unreliable to provide information, (e.g., substance intoxication) explain:

_N/A_

Describe the presenting problems/reason for referral (history of the presenting problem, to include symptoms, onset, duration, frequency/episodes).  _S is requesting to transfer from another methadone maintenance program, Addiction Resources, in Phoenix. She reports that she has been on methadone since her first pregnancy at age 18. She has been a patient at several area methadone clinics. She is requesting admission due to financial reasons. She reports that her husband is currently unemployed due to an injury and she does not make enough to support the family plus pay for a private methadone clinic. She stated that the money used to pay the clinic "takes from the kids." S stated that she began IV heroin use at age 16, and while she has been on methadone since age 18, she continues to use heroin on occasion. She reports having used 4x in the past month._

Consumer Name  _Sabrina Womble_

Consumer ID# _____

Adult Comprehensive Assessment, Page 1 of 12
Revised  06/09/99

Current Stressors/Problems (and list past stressors): _husband is physically disabled currently & cannot work, son in prison, another son just went back to jail_

Current Suicidal___Homicidal___ Ideation: No ✓ Yes___

If yes, describe why the consumer has suicidal/homicidal ideation and complete the Risk Assessment Form.
_____N/A_____

Assessment of Strengths: Describe the strengths and resources available to the consumer which can support and enhance the therapeutic process. _has attitude of "I can't give up," is motivated to make sure kids are taken care of_

---

## BEHAVIORAL HEALTH TREATMENT  (non-chemical dependency)

---

Current Psychiatric Treatment (last 30 days): No ✓ Yes ____ If yes, fill out the following:

| Outpatient/Inpatient | Problems/Diagnosis | Dates of Treatment |
|---|---|---|
| | N/A | |

Current psychiatric medications (prescription and over the counter):  No ✓ Yes ____ If yes, list:

| Name | Dose | Frequency | Prescribing physician | Effective? |
|---|---|---|---|---|
| | N/A | | | |

Success of current treatment(s): _____N/A_____

Consumer Name _Sabrina Wamble_

Consumer ID#_____

Adult Comprehensive Assessment, Page 2 of 12
Revised  06/09/99

Past Psychiatric Treatment (lifetime): No ✓ Yes ____ If yes, list:

| Outpatient/ Inpatient | Problems/Diagnosis | Dates of Treatment |
|---|---|---|
| N/A | | |

Past psychiatric medication: No ✓ Yes ____ If so, list _____

Success of past treatment(s): _____ N/A _____

History of self harm or harm to others (include any COE/COT information):

| Age/ Year | What occurred | Treatment received | Reason(s) for behavior |
|---|---|---|---|
| none | | | |

Family History of Mental Illness and/or Substance Abuse: No ___ Yes ✓ If yes, explain family members' use, symptoms, medications, etc: ___ Father was dependent on heroin, one brother also used heroin

---

## MEDICAL HISTORY

Allergies: No ✓ Yes ___ If yes, explain: _____

Current medical conditions: No ✓ Yes ___ If yes, list:

| Medical Problem | Year Diagnosed | Treating Physician | Current Medication/Treatment |
|---|---|---|---|
| N/A | | | |

Consumer Name _Sabrina Womble_

Consumer ID#_____

Adult Comprehensive Assessment, Page 3 of 12
Revised 06/09/99

All medications the consumer is now taking (Include prescribed meds, herbs, over-the counter meds, vitamins,):

_methadone 80 mg_

Past medical conditions (include surgeries, chronic pain conditions, previous head injuries, and/or loss of consciousness, and year of occurrence): _none fm' - stomach ulcer which recurs_
_At age 21, was beaten on head with a billy club by her brother, says she had to learn how to_
_talk again but did not have speech therapy - It took about one year for speech to come back_

Describe any physical complaints that the consumer may have that are untreated: _none_

FOR WOMEN: Is there a chance the consumer may be pregnant?      No ✓   Yes___
Date of last menstrual period: _3 weeks ago_
Does the consumer take estrogen replacement (include birth control pills)? No ✓ Yes___
If yes, give medication name, dose, reason, and date started: _____ _N/A_ _____

## DEVELOPMENTAL HISTORY

Mental Retardation: No ✓ Yes___ I.Q. score_____   Specific Learning Disabilities:      No ✓ Yes___
Motor Skills Disorders:  No ✓ Yes___            Communication Disorders:      No ✓ Yes ___
Pervasive Developmental Disorders  No ✓ Yes ___   If yes for any of the these disorders, explain what it is,
when first diagnosed and how treated:_____

## EDUCATION/VOCATION

Highest grade completed: _10th_   GED: No ✓ Yes ___ Degrees Received: _____
Special Ed:    No ✓ Yes ___  If yes: SEH ___ LD ___ MR ___ Gifted ___ Other _____
If there are any developmental disorders, describe the consumer's ability to perform developmentally appropriat
responsibilities (e.g. work, school, parenting, household management):_____ _N/A_____

Currently in school:  No ✓ Yes · ___  Hours per week: _____
Currently a volunteer: No ✓ Yes___  Hours per week: _____.
If the consumer is not currently working, please explain why, and when he/she last worked (date): __ _N/A_ __

Consumer Name _Sabrina Womble_ _____      Adult Comprehensive Assessment, Page 4 of 12
Consumer ID#_____      Revised 06/09/99

Describe the consumer's current or past employment (include dates): _working as a cashier for about one year current job has been for one month_

_prior: self-employed (owned furniture store), waitressing_

---

## SOCIAL HISTORY

Living arrangements: Parents ____ Alone ____ Spouse/Partner ✓ Out of home placement ____ Other____
Describe (include stability): _currently in apartment with husband and three children; has been there about 2 years; would like larger apartment; likes current living situation._

Current Relationships/ Marital History (include current/past relationships, current family relationships, and if consumer is sexually active. Also include any history of physical/sexual abuse): _first relationship ct age 15 or 16; became sexually active at age 14; reports having been raped at age 12 and 16, and one other time. First marriage at age 15 - lasted one year; no children. 2nd marriage at age 18; one child; together 2-3 yrs. Married third husband at age 22; three children. Describes marriage as good. Children are 12, 16, 17 and 21._

Does the consumer have friends, family, or significant others? Yes ✓ No __ Can he/she make/maintain age appropriate social relationships? Yes ✓ No __ Describe if necessary: _____

Describe the consumer's day, including any leisure activities, taking care of pets, etc: _working; watch TV; do chores; cook dinner_

Describe the consumer's ability to provide for his/her basic needs (e.g. food, clothing, shelter, ADL's, medical needs as opposed to financial ability). _S is able to provide for very basic needs such as food clothing and shelter but does not have access to medical care._

Does the consumer need assistance with self care and or basic needs? No ✓ Yes ___ If yes, explain: _____

Does the consumer require any kind of special assistance in understanding treatment planning, rights or the grievance/appeal process? No ✓ Yes ___ If yes, explain:_____

Does the consumer appear to be able to make informed decisions about treatment? Yes ✓ No ___
Does the consumer appear to need a guardian/ conservator ? No ✓ Yes ____ Explain: _____

Consumer Name_Sabina Wamble____          Adult Comprehensive Assessment, Page 5 of 12
Consumer ID#_____          Revised 06/09/99

## SUBSTANCE USE

Substance use (current or past): No ___ Yes ✓ IF YES, COMPLETELY FILL OUT THE TABLE BELOW.

| Substance | Use in Last 30 Days (# of Days) | Average Amount used at a time | Date of Last Use | Lifetime Use (# of years) | Age of First Use | Comments, may include route, dollars spent, pattern of use, etc |
|---|---|---|---|---|---|---|
| Alcohol | | | 2 yrs ago | 1 | 12 | |
| Amphetamines/speed | | | 8 yrs ago | N/A | 15 | says she's "allergic to it - gets "deathly ill" |
| Barbiturates | | | 25 yrs ago | N/A | 15 | |
| Benzodiazepines | | | 2 yrs ago | N/A | 20 | |
| Crack/Cocaine powder | | | 24 yrs ago | N/A | 15 | snorted - used it only once |
| Hallucinogens | | | 25 yrs ago | N/A | 16 | tried 4 X |
| Heroin | 4x | $10 | 1-3 wks ago | 25 yrs | 16 | IV user - still feels heroin on top of methadone |
| Inhalants (glue, paint, gas, whippets, etc) | | | | | N/A | |
| Marijuana | | | 16 yrs ago | 2 yrs | 14 | makes me "paranoid" |
| Opioids/Narcotics | | | 21 yrs ago | N/A | 20 | took until could get on methadone |
| Sherm | | | 25 yrs ago | N/A | 16 | tried once |
| Other (Please List) crack | | | 8 yrs ago | N/A | 33 | only tried it once |

Has the consumer ever been told that he/she has a problem with alcohol or drugs?   No ✓ Yes ___

Has the consumer ever had withdrawal symptoms when use of alcohol or drug was decreased/stopped?
No ___ Yes ✓ If yes, withdrawal symptoms were: _stomach cramping, hot flashes, legs ache_

Has the consumer ever been in treatment for substance abuse/dependency? No ___ Yes ✓

1. Name of Program: _Intensive Treatment Systems, Alchon Resource mmTP_

Program Type:   Outpatient ✓ Inpatient ___ Residential ___ Detox ___

Dates Attended:   From _11/98_ To _yesterday_ Successfully Completed: No ✓ Yes ___

2. Name of Program: _100% Ethic Intensive Treatment Systems_ _mmTP_

Program Type:   Outpatient ✓ Inpatient ___ Residential ___ Detox ___

Dates Attended:   From _" a few years "_ To ___ Successfully Completed: No ✓ Yes ___

3. Name of Program: * _has been on mmTPs since age 18 - different programs in PHX not able to recall all names of programs_

Program Type:   Outpatient ___ Inpatient ___ Residential ___ Detox ___

Dates Attended:   From ___ To ___ Successfully Completed: No ___ Yes ___

[If consumer has attended more programs, list on back of this page, indicating with an arrow to turn to back.]

If treatment was unsuccessful, why? _S has continued to use heroin on occasion_

Cigarette smoker: No ___ Yes ✓ If yes, number of packs per day: _2_ # of Years_ 27 years_

How much caffeine does the consumer ingest per day?

# Of ounces _240m_ Types _coffee_ Time of day use stops _afternoon_

Consumer Name _Sabrina Womble_

Consumer ID# ___

## LEGAL ISSUES/CRIMINAL JUSTICE HISTORY

Criminal justice involvement (current or past):  No ✓  Yes ___  (If yes, complete the following history using A= Adult, and J=Juvenile; only use checkmarks for no answers).

| Criminal Justice History: | Current (last 30 days) | Past (Lifetime) |
|---|---|---|
| Legal Issues | No ___ Yes ___ | No ___ Yes ___ |
| Probation | No ___ Yes ___ | No ___ Yes ___ |
| Parole | No ___ Yes ___ | No ___ Yes ___ |
| Court Ordered Treatment (Criminal) | No ___ Yes ___ | No ___ Yes ___ |

If member has a current probation/parole officer:  Name: _____ Phone: _____

Has the consumer ever been arrested/charged and/or convicted of any of the following? (A=Adult; J=Juvenile) Indicate the number of times for each offense after "yes".

| | Arrested | Convicted | Year of Conviction |
|---|---|---|---|
| Arson | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Assault/Battery | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Auto Theft | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Burglary | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Child Molestation | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Cruelty to Animals | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Domestic Violence | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Drugs (possession, distribution) | No ___ Yes ___ | No ___ Yes ___ | _____ |
| DUI/DWI | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Endangerment/Weapons Offense | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Forgery | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Fraud | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Manslaughter/ Murder | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Probation/Parole Violation | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Prostitution | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Robbery | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Sexual Assault/Rape | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Shoplifting | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Theft | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Trespassing | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Truancy | No ___ Yes ___ | No ___ Yes ___ | _____ |
| Other: _____ | No ___ Yes ___ | No ___ Yes ___ | _____ |

Does the member own any weapons?   No ___ Yes ___  If yes, please list: _____

Total time incarcerated in jail/prison(estimated): _____

Consumer Name  *Sabrina Wamble*

Consumer ID#_____

Adult Comprehensive Assessment, Page 7 of 12
Revised  06/09/99

## MENTAL STATUS EXAM

Appearance:          Neat         (Casual)        Disheveled      Malodorous
                     Physical Abnormalities: _____
                     Scars/Needle marks/Tattoos etc: _____

Looks Stated Age:    (Yes)        No              +/-- Years_____
Alertness:           (Alert)      Drowsy          Stuporous
Sociability:         (Engaging)   Aloof           Hostile
Eye Contact:         (Good)       Fair            Poor
Motor Activity:      (Normal)     Hypoactive      Restless        Hyperactive     Agitated
                     Posturing    Tics            Mannerisms
Speech:              (Normal)     Slow            Rapid           Loud            Pressured
                     Stuttering   Soft            Hesitant        Monotonous      Slurred
Mood:                (Euthymic)   Depressed       Anxious         Euphoric
                     Irritable    Indifferent     Angry
Affect:              (Appropriate) Blunted        Flat            Labile          Inappropriate
Thought Processes:   (Logical)    Loose           Circumstantial  Tangential      Neologisms
Thought Content:     (Appropriate) Paranoia       Delusions (describe type _____)
                     Grandiosity  Self-Deprecatory                Suicidal/ Homicidal Ideation **
Perception:          (Normal)     Hallucinations (auditory, visual, olfactory, tactile, gustatory)
Concentration:       (Good)       Fair            Poor
Memory:              (Intact)     Not Intact
Judgement:           Good         (Fair)          Poor, but intact  Not intact
Insight:             Good         (Fair)          Poor              None

Language Abilities (per the consumer):
       Reading:          (Good)        Fair            Poor
       Writing:          (Good)        Fair            Poor
       Speaking:         Good          (Fair)          Poor
       Comprehension:    (Good)        Fair            Poor
Language Abilities (per the evaluator):
       Reading:          (Good)        Fair            Poor
       Writing:          (Good)        Fair            Poor
       Speaking:         (Good)        Fair            Poor
       Comprehension:    (Good)        Fair            Poor

**Complete Risk Assessment Form

Consumer Name __Sabrina Womble__          Adult Comprehensive Assessment, Page 8 of 12
Consumer ID# _____      Revised 06/09/99

## Mini Mental State Exam

| Maximum Score | Score | |
|---|---|---|
| 5 | *5* | What is the (year) (season) (date) (day) (month)? |
| 5 | *5* | Where are we (state) (country) (town) (floor) (place)? |
| 3 | *3* | Name 3 objects: 1 second to say each. Then ask consumer to repeat all 3 after the interviewer has said them. Give 1 point for each correct answer. Repeat until consumer learns all 3. |
| 5 | ——— | Subtract 7 from 100, then subtract 7 from the answer you get and keep subtracting 7 until I tell you to stop. [1 point for each correct answer] |
| | | OR |
| | *5* | Spell the word "world" backwards. [1 point for each correct letter that is in the correct order. Stop after the first mistake.] |
| 3 | *2* | What are the three words I asked you to remember? (1 point for each) [The words are to be recalled 3 minutes after learning them as above]. |
| 2 | *2* | Show the consumer a wristwatch and pen and ask for the name of it. |
| 1 | *1* | Repeat the following phrase exactly as I say it: "no ifs, ands, or buts." |
| 3 | *3* | Three stage command: "I'm going to give you a piece of paper. Take it in your right hand, fold it in half, and then put it on the floor." |
| 1 | *1* | Write "Close your eyes" on a separate piece of paper, ask the consumer to read it and then do what it says. |
| 1 | *1* | Ask the consumer to write a complete sentence on a sheet of paper. |
| 1 | *1* | Give the consumer a clean sheet of paper and ask him/her to copy the design. [Each pentagon must have 5 angles and intersect the other] |
| 30 | *29* | TOTAL |

(Maximum score)

Score interpretation:

| 25 and above | = no apparent impairment |
|---|---|
| 20 – 25 | = suggestive of impairment |
| Less than 20 | = definite cognitive impairment |



Consumer Name  *Sabrina Wambae*

Consumer ID#_____

Adult Comprehensive Assessment, Page 9 of 12
Revised 06/09/99

ADDITIONAL INFORMATION

## SUMMARY OF DIAGNOSTIC/ FUNCTIONAL CRITERIA

Current Mental Health Issues: _S. denies any current mental health issues. She reports no symtoms indicative of anxiety, depression, or psychotic disorder. S. is reporting stress from financial problems._

Treatment History: _S. denies any history of mental health treatment. She has had ongoing substance abuse treatment in methadone maintenance programs since c/c 18. However, this treatment has been mainly the provision of methadone._

Substance Use: _S reports first use of heroin at age 16. She is an IV user. She h20 been on methadone since becoming pregnant at age 18. She continues to use heroin on occasion and states that methadone doesnot entirely block its effects. She stated that her last use of heroin was 1-2 weeks ago and that she has used 4x in the past 30 days._

Medical History: _S. reports no current medical issues. She stated that she h20 a history of recurring stomach ulcers. She also reported that at age 21 she was beaten on her head with a billyclub which resulted in loss of speech, which lasted about one year._

Vocational/Employment/Role Performance: _S. is currently employed as a cashier and has been in her current position about one month. In addition, she and her husband maintain a household for two of their children_

Self Care/Basic Needs: _S is able to meet basic needs if adequate financial resources available._

Social Support/Interpersonal Functioning: _S does not appear to have any social supports other than her husband. She is not involved in any self help groups nor any church-related activities. She appears to have adequate social skills, though may be more comfortable with other substance abusers rather than "individuals who are not drug users._

Social/Legal Functioning: _S reports no history of legal problems. However, she does engage in the use of an illegal substance._

Housing/Living/Situation: _S reports that she and family live in an adequate apartment._

Consumer Name _Sabrina Womble_
Consumer ID#_____

---

## DIAGNOSTICS

---

PROVISIONAL DIAGNOSES:

AXIS I:  *304.00 Opioid Dependence, with Physiological Dependence, on agonist therapy*

AXIS II:  *799.9 Diagnosis Deferred*

AXIS III:  *hx head injury*

AXIS IV:  *inadequate income*
*incarceration of son*

AXIS V:  *GAF = 40 (current)*

Is a further assessment/ evaluation needed? No ✓ Yes ___ Explain_____

Does the consumer require provisional or emergency services at this time? No ✓ Yes ___ Explain _____

What does the consumer believe he/she needs at this time?

*(methadone)* ☑ Medications ☐ Psychiatric Care ☐ Case management ☑ Substance abuse treatment
☐ Counseling ☐ Transportation ☐ Housing ☐ Other (describe)

---

Evaluator Name (print)/Signature                Credentials/Position                Date

*Diane Oetos*                    MC NCACII                    11/12/99

_____                DCS                    10/15/99

Consumer Name _Sabrina Wimble_              Adult Comprehensive Assessment, Page 12 of 12
Consumer ID#_____              Revised 06/09/99

Exhibit 34

**IN THE JUSTICE COURT**    DR#81-15806    GPD

GLENDALE    **PRECINCT, MARICOPA COUNTY, STATE OF ARIZONA**

| | | |
|---|---|---|
| STATE OF ARIZONA, | Plaintiff | **CR119188** |
| v. | | No. |
| SABRINA LYNN SPEER | | **COMPLAINT** |
| | | X̶X̶I̶S̶D̶X̶E̶M̶E̶X̶K̶O̶R̶X  (FELONY) |
| | Defendant(s). | COUNTS I & II: |
| | | AGGRAVATED ASSAULT, CLASS 6 FELONIES |

The complainant herein personally appears and, being duly sworn, complains X̶X̶O̶O̶X̶X̶A̶N̶X̶ X̶A̶O̶W̶A̶X̶U̶g̶X) (on information and belief) against

_____ SABRINA LYNN SPEER _____

charging that in ___GLENDALE___ Precinct, Maricopa County, Arizona:    On or about the
19th day of APRIL, 1981 SABRINA LYNN SPEER knowing or having reason
to know that C. Lynn Babcock was a peace officer, knowingly touched
C. Lynn Babcock with the intent to injure, insult or provoke him in
violation of A.R.S. Section 13-1204(A)(5) and (B), 13-1203(A)(3),
13-701, 13-702 and 13-801.

COUNT II:  Charging that in GLENDALE Precinct, Maricopa County, Arizona:
On or about the 19th day of APRIL, 1981 knowing or having reason to
know that Harold Kassing was a peace officer, knowingly touched Harold
Kassing with the intent to injure, insult or provoke him in violation
of A.R.S. Section 13-1204(A)(5) and (B), 13-1203(A)(3), 13-701, 13-702
and 13-801.

| | |
|---|---|
| _____<br>Complainant | GLENDALE P.D.<br>Agency or Title |
| Subscribed and sworn to before me on __APRIL__ | 1981<br>(Date) |
| _____<br>Magistrate | _Justice of the peace_<br>Title |

It is requested that a ☐ warrant, ☐ summons be issued.
It is not requested that Defendant appear for fingerprints and photograph.

PJC:sr    AO

40-23

PAUL J. CRUM
Deputy County Attorney

CR119188



SPEER, SABRINA LYNN
5905  N TOWNLEY

W  F BROBR0507135 11/02/58
GLENDALE  AZ

04/21/81   04/21/81
GLNDL
CR81316        CR119488

AGG ASSAULT F6N
AGG ASSAULT F6N

001 04/19/81 008115806 GLNDL PD
002 04/19/81 008115806 GLNDL PD

UNKNOWN

. LYNN BABCOCK 1130 GLENDALE PD
HAROLD KASSING 3445   GLENDALE PD

AO

PAUL J. CRUM

IN THE _____ GLENDALE _____ COURT

STATE OF ARIZONA — COUNTY OF MARICOPA

STATE OF ARIZONA

vs.

SABRINA LYNN SPEER

Defendant

CR119188

No. _____ CR81-0316

NOTICE OF APPEARANCE

Pursuant to Rule 6, I _____ Richard Mash _____ hereby enter my appearance in this
                          (Attorneys Name)

case on behalf of _____ SABRINA LYNN SPEER _____ for all further proceedings.

APRIL 30, 1981
_____
Date

_____
Attorney

132 S. Central
_____
Address

258-7711
_____
Telephone

IX

INITIAL APPEARANCE

Felony          CR119188

I.A.Judge_____ GLENDAL

Deft. Name___SABRINA LYNN SPEER    Date____APRIL 20, 1981

_____    Case #___CR81-0316

_____    Public Defender_____

Charge___AGGRAVATED ASSUALT,_____    Private Atty_____

_____    Midas Atty_____

_____    Ct Appt Atty_____

_____    _____

Deft. Present_____ Complaint read_____ Reading Waived_____

Preliminary Hearing set for:_____

Pre-Hearing set for:_____

Fugitive Hearing set for:_____

Bench Warrant arraignment set for:_____

          In_____Justice Court.

Bond set at $_____ Bond re-set at $_____ Released O.R._____

Unsecured bond set at $_____ Defendant held Not Bondable_____

NO COMPLAINT FILED YET_____ *THIRD PARTY*

Comments:_____

_____

_____

_____

_____

_____

_____

_____

_____

BK_____    PD_____

DK_____    ATTY_____

DK COMP_____    COURT_____

JAIL_____    SUBP_____

442-201

IN THE _____ GLENDALE _____ COURT
STATE OF ARIZONA – COUNTY OF MARICOPA

STATE OF ARIZONA
vs.

CR11948S

No. _____ CR81-0846

RELEASE ORDER

SABRINA LYNN SPEER

**Defendant**

IT IS HEREBY ORDERED that the defendant be released, provided that he comply with the standard conditions and all other conditions checked below.

**STANDARD CONDITIONS OF RELEASE**

If released, the defendant shall appear for _____ PRELIMINARY HEARING _____ at

_____ 7115 N. 57th DRIVE _____ GLENDALE, AZ _____ at _100_ a.m. on

30 april 1981, and during the pendency of this case:
(date)

(1) Appear to answer and submit himself to all further orders and processes of the court having jurisdiction of the case;
(2) Refrain from committing any criminal offense;
(3) Not depart the state without leave of court; and
(4) If released during an appeal, prosecute his appeal with due diligence.

**OTHER CONDITIONS OF RELEASE**

Own Recognizance ☐ The court does not find that imposition of other conditions is reasonably necessary to assure the defendant's appearance as required.

Appearance Bond ☐ The defendant will execute an appearance bond approved by the court and binding himself to pay the State

of Arizona the total sum of _____ dollars ($ _____)
in the event that he fails to comply with these conditions. (base bond $ _____; surcharges
surcharges pursuant to ARS 41-1826 $ _____; and 41-1830.04 $ _____;

Secured
Appearance Bond      and ARS 36-142 $ _____).
☐ The defendant will deposit with the Clerk of the Court security in the full amount of the appearance bond required above

No Bond              The defendant is held without bond pursuant to Ariz. Const. art. 2 § 22 and ARS § 13-1571 (1956).
Restrictions on      The defendant will comply with each of the following conditions of release:
Travel, Associ-
ation or Place
of Abode and
Other Conditions

Part-Time            ☐ The defendant will be released from _____ a.m./p.m. to _____ a.m./p.m. on the following days of the week
Release              _____ on condition that he return to custody during all
                     other times at such place of confinement as the Sheriff shall designate.

Third Party          ☑ The defendant will be placed in the custody of:
Custody
                     name: THELMA CATES

                     address: 5534 No. 31 Avenue telephone: 9738845

DRIV. LIC.           who agrees (a) to supervise the defendant in accordance with the conditions of this order, (b) to use every
ARIZONA              effort to assure the appearance of the defendant at all scheduled hearings before the court having jurisdic-
#Z114345             tion of the case, and (c) to notify the court immediately in the event the defendant violates any condition
                     of his release or disappears.
10/82
                     Signed: Thelma Gates
                                        Custodian or Proxy

**WARNING TO THE DEFENDANT:**

You have a right to be present at your trial and a number of other proceedings of which you will be notified. If you do not appear at the time set by the court, a warrant will be issued for your arrest and the proceeding will begin without you.

**CONSEQUENCES OF VIOLATING THIS ORDER**

If the defendant violates any conditions of this release order, the court may order the bond and any security deposited in connection therewith forfeited to the State of Arizona.

In addition, the court may issue a warrant for the defendant's arrest upon learning of his violation of any conditions of his release. After a hearing, if the court finds that the defendant has not complied with the conditions of release, it may modify the conditions or revoke his release altogether.

If he was released on a felony charge, and the court finds the proof evident or the presumption great that he committed a felony during the period of release, it SHALL revoke his release. Such defendant would also be subject to an additional criminal charge, and upon conviction could be punished by imprisonment for not more than five years in the state prison, in addition to the punishment which would otherwise be imposable for the crime committed during the period of release.

Upon finding that the defendant or any other person named in this order has willfully violated its terms, the court may also find him in contempt of court and sentence him to a term of imprisonment, a fine or both.

**ACKNOWLEDGEMENT BY DEFENDANT**

I understand the standard conditions and all other conditions of my release checked above, and the forfeitures and penalties applicable in the event I violate them.

I agree to comply fully with each of the conditions imposed on my release and to notify the court promptly in the event I change the address indicated below.

20 april 1981                    Defendant: _____

Dated _____                    Address: _____

_____ V. Waer                  City & State: _____   Telephone: _____
Judge

VI 6 80                          FILE COPY

IN THE ▬▬ GLENDALE ▬▬ COURT
STATE OF ARIZONA — COUNTY OF MARICOPA

STATE OF ARIZONA

vs.

SABRINA LYNN SPEER
                                    Defendant

BOOKING # CR119188

CASE # _____ CR81-0_

SOCIAL SECURITY #

ORDER REGARDING COUNSEL
AND REIMBURSEMENT

The Court makes the findings and orders as marked below:

☐ 1.   Defendant has retained a lawyer.

☐ 2.   Defendant is not indigent and is financially able to pay for the services of a lawyer. (WARNING: If you appear at the next hearing without a lawyer, the hearing may still proceed as scheduled.)

☐ 3.   Defendant has advised the Court that Defendant can and will hire a lawyer. If Defendant is not able to hire a lawyer, IT IS ORDERED DEFENDANT MUST APPEAR IN PERSON BEFORE THE ABOVE COURT BY 4:00 P.M., on _____ , _____ , at _____ , and advise the Court of that fact. (WARNING: If you appear at the next hearing without a lawyer, the hearing may still proceed as scheduled.)

☒ 4.   The Court finds that Defendant is indigent and IT IS ORDERED that the Maricopa County Public Defender is appointed as lawyer for Defendant. IT IS FURTHER ORDERED that YOU, the DEFEN-DANT, go to the Office of the Maricopa County Public Defender, 132 South Central, Phoenix, Arizona, Second Floor, Monday through Friday, from 8 A.M. to 4:30 P.M., except holidays, to discuss your case. DO THIS AS SOON AS POSSIBLE AFTER YOUR RELEASE FROM JAIL. (If you are not released before your next hearing, a Public Defender will contact you.)

☒ 5.   IT IS FURTHER ORDERED that YOU, the DEFENDANT, shall pay toward the cost of your lawyer the sum of $ _____ _ every week starting next week until further order of the Court.

   Make all payments in cash, money order or certified check payable to the Clerk of the Superior Court. Take or mail the payment to the Clerk of the Superior Court, 201 West Jefferson, Phoenix, Arizona 85003. DO NOT MAIL CASH! If you pay with cash, do so only in person on a Tuesday, Wednesday, or Thursday. Money orders and checks may be mailed any day of the week. When paying by mail, be sure that your name and CASE NUMBER are shown on the money order and check. (WARNING: Your failure to pay as ordered may result in your being charged with contempt of court.)

☒ 6.   At this time Defendant is not required to pay toward the cost of the Public Defender or Court appointed attorney.

☐ 7.   The Defendant is eligible for a MIDAS lawyer and is referred to the lawyer named below.

☐ 8.   Defendant is indigent and the lawyer named below is appointed for Defendant.

☐ 9.   IT IS FURTHER ORDERED that YOU, the DEFENDANT, shall contact the following lawyer to discuss your case. Do this as soon as possible after your release from jail. (If you are not released before your next hearing, the lawyer will contact you.)

Attorney's Name _____

Address _____

City _____ , Arizona

Phone    258· 77//

20 april    , 19 81
Date

Robert V Ware

Judge/Magistrate, Commissioner

FILE COPY.

35. Give below the following information about any real estate, your home, other land, or land
    and buildings) which you are buying, which you own, or which you claim to have an
    interest:

| Location | What is it Worth? | Amount owed by you (mortgages, etc.) |
|---|---|---|
| 36. a. _Nance_ | $ | $ |
| 37. b. | CR119188 | |

38. List below any property you own and have not listed above which is not needed by you or your
    family for day-to-day living (such as stereos, radios, televisions, musical instruments,
    stock in trade, tools, jewelry or similar things):

| What is it? | What is it Worth? | Amount owed by you |
|---|---|---|
| 39. | $ | $ |
| 40. | | |
| 41. | | |
| 42. | | |

43. List below all monthly expenses not taken from your pay:    Amount Paid each month

44. Rent or house payment                                                    $ _152.00_
45. Total cost of utilities (water, electricity, gas, telephone and garbage)
46. Food
47. Credit card payments
48. Installment loan payments
49. Charge account payments
50. Motor vehicle payments
51. Union dues
52. Medical care costs (doctors, dentists, medicine)
53. Child support and alimony
54. Cost of baby-sitter
55. Motor vehicle insurance, maintenance and gas
56. Other monthly expenses (for_____)

                                                         TOTAL  $ _152.00_

57. Do you have any expenses (monthly or otherwise not shown above?)
    ____(Yes or No). If yes, what are they and how much are they?

| What? | How Much? | How often paid? |
|---|---|---|
| 58. | $ | |
| 59. | | |
| 60. | | |

61. Are you behind (delinquent) in paying any of your debts or expenses?
    ____(Yes or No). If yes, list them below:

| What? | How Much? | How often paid? |
|---|---|---|
| 62. | $ | |
| 63. | | |
| 64. | | |

65. Do you have enough money or property to pay a lawyer to help you with this case?
    ☐ Yes. ☒ No.
66. Do you have an attorney to help you with this case? ☐ Yes. ☒ No.
67. If yes, what is his name?_____
68. If no, are you planning to hire your own lawyer? ☐ Yes. ☒ No.
69. Do you want a lawyer to help you with this case? ☒ Yes. ☐ No.
70. Do you want the Court to appoint a lawyer (the Public Defender) to help you with this case?
    ☒ Yes. ☐ No.
71. How much cash could you pay as a down payment on a lawyer's fee? $____down payment.
72. How much cash could you pay each week, starting next week, for your lawyer's fee?
    $____per week.
73. Oath under penalty of perjury:

Whether or not I am applying herein for the service of the public defender, or other court-
appointed attorney, I have truthfully given the information which appears in this statement.
I have not knowingly concealed, or in any way misrepresented my financial resources. I am
aware that I can be held in contempt of court, or prosecuted for perjury if I have made any
false statement or misrepresentation or concealment, and that I can be prosecuted for theft
if I obtain the services of the public defender or a court-appointed attorney by means of
false statement, misrepresentation, or concealment, or if I continue to accept such services
after my financial condition has materially changed without notifying the public defender
or my court-appointed attorney and that in any such case this application may be used
against me.

If the public defender or a court-appointed attorney accepts my case, I will notify him of
any change in my financial resources, including release on bail or on my own recognizance,
employment, cash income, or any other of the items listed in this application.

I hereby make these representations under PENALTY OF PERJURY.

Date: _4-20-81_

Witnessed by:
_Curtis_

_Defendant's signature_

_____
Social Security No.

441-V 8/77

IN THE        COURT    CR119188

STATE OF ARIZONA – COUNTY OF MARICOPA

DEFENDANT'S FINANCIAL STATEMENT

Court_____ Booking #_____ Case #_____

Instructions to the Defendant: You are to answer the following questions so the Judge can decide whether to appoint a lawyer to help you and, if a bond is required, how much it should be. Use care in filling in your answers. If you knowingly give false or misleading information, you can be punished for contempt of court or subjected to prosecution for theft or perjury.

1. State your full name: __SABRINA_____ __ANN_____ __SPEER_____
                              (first)             (middle)                (last)

2. Are you (check one): [☒] single; [ ] divorced; [ ] widowed; [ ] married, but separated from your spouse (your wife or husband); [ ] married, and living with your spouse.

3. In addition to supporting yourself, how many other adults do you support? _____ adults. How many children do you support? __/__ children.

4. If you are working, are you paid: (check one)
[ ] every week; [ ] every other week; [ ] two times a month; [ ] one time a month;
[ ] other_____.
      (how often)

5. How much money are you paid each time you are paid? $_____ net take-home pay.

6. If your spouse (your wife or husband) is working, is she (or he) paid: (check one)
[ ] every week; [ ] every other week; [ ] two times a month; [ ] one time a month;
[ ] other_____.
      (how often)

7. How much money is your spouse paid each time she (or he) is paid? $_____ net take-home pay.

8. List below in Column 1 the money that you get paid or receive each MONTH. If you are married and are living with your spouse, list below in Column 2 the money that your spouse gets paid or receives each MONTH. If you are separated, widowed or single, leave Column 2 blank.

| FROM | COLUMN 1 Amount paid to ME monthly | COLUMN 2 Amount paid to MY SPOUSE monthly |
|---|---|---|
| 9. Working; net take-home pay | $_____ | $_____ |
| 10. Payroll deductions for savings; bonds, stock, etc. | | |
| 11. Unemployment compensation | | |
| 12. Welfare | | |
| 13. Disability benefits | | |
| 14. Veteran's benefits | | |
| 15. Social Security benefits | | |
| 16. Workmen's Compensation | | |
| 17. Accident benefits | | |
| 18. Retirement benefits | | |
| 19. Allotment checks | | |
| 20. Interest | | |
| 21. Dividends | | |
| 22. Child support received | $150.00 | |
| 23. Alimony or maintenance received | | |
| 24. Total of any other monthly income received (from __food stamps__) | | |
| 25. TOTALS | $150.00 | $_____ |

26. List below the amounts of cash held or value of:

27. Cash (on you and your spouse, in your jail property and at home).                           $_____

28. Cash in banks, credit unions, and anywhere else     _____

29. Cash owed to you or to your spouse by others     _____

30. Stocks and bonds; insurance policy cash values   _____

31. TOTAL                                  TOTAL   $_____

32. Give below the following information about any motor vehicles, (cars, trucks, trailers, boats, airplanes, motorcycles) which you are buying, which you own or in which you claim an interest:

| Description, Year & Model | What is it Worth? | Amount owed by you |
|---|---|---|
| 33. __above__ | $_____ | $_____ |
| 34. | | |

 

V (revised 5-01-75) PAGE 1

IN THE _____ COURT

## STATE OF ARIZONA — COUNTY OF MARICOPA

STATE OF ARIZONA

CR119488

vs.

No. _____

SABRINA LYNN SPEER

RELEASE QUESTIONNAIRE

Defendant

PART II. TO BE COMPLETED BY THE DEFENDANT OR BY THE MAGISTRATE.

Instructions To The Defendant.

*The following information is for the purpose of determining the conditions under which you may be released at this time. You are not required to answer any question if you feel the answer might be harm    to you. The answers you give to the following questions will be used by the court for the purpose of determining the conditions of your release. However, your answers will be checked against the information supplied by the police, and with the references you yourself give on this form. Any discrepancies may result in higher bail or harsher conditions of release. Any information you give may be used against you in this or any other matter.*

A. General Background.

1. Background and Residence.
   a. Full Name  SABRINA LYNN SPEER
   b. Sex  F     Race  CAU    Age  22
   c. Place of Birth   PHOENIX              Present Citizenry  U.S.
   d. If you are not a citizen, how long have you been in this country? _____
   e. Present Address  5905 W.  TOWNLEY
   f. Telephone   973-8845
   g. How long have you lived at this address?  1½ yrs
   h. Where else have you lived in the past year and for how long? _____
   i. Where will you go if released today?  5534 N. 31 Ave.

2. Family.
   a. Are you married?  NO    Are you living with your spouse? _____
   b. How many other persons (including your children) are living with you? _____
   c. How much do you contribute to their support? _____
   d. Do you have regular contact with any other relatives?  YES  Explain.  GRANDMOTHER 82

3. Employment.
   a. Are you presently employed?  No   If not, what is your principal means of support? _____
   b. Employer's Name _____
      His address _____   Phone _____
   d. What is the nature of your job? _____
   e. How long have you worked there? _____

4. Criminal Record.
   Do you have any previous criminal record?  No
   If so, explain: _____

5. Record of Appearance.
   Have you ever been released on bail or other conditions pending trial?  No
   Did you ever fail to appear as required?  No
   If so, explain: _____

6. Supervision.
   Is there any organization (church, union, club, or other) or any person who might agree to supervise you and be responsible for your return to court as required? _____
   Organization or person to contact . _____
   Address _____   Phone _____

7. Other Circumstances.
   Are there any other matters (such as your health or illness in your family) which you feel the court should consider in making its decision? _____
   7a. Are you an alcoholic?  No     an addict?  YES   mentally disturbed?  No
   physically ill?  No    If yes, explain.  MOTHADWR

8. Verification.
   Is there any other friend, relative, neighbor, minister or other person who can be called as a reference to this information? _____
   
   Name _____                    Address _____

441-IV-D  2/78

**IN THE _____ COURT**

## STATE OF ARIZONA — COUNTY OF MARICOPA

STATE OF ARIZONA

vs.

SABRINA LYNN SPEER

Defendant

CR119188

No. CR81-0316

**RELEASE QUESTIONNAIRE**

PART I.   INFORMATION TO BE SUPPLIED BY THE ARRESTING LAW ENFORCEMENT OFFICER. ALL QUESTIONS MUST BE ANSWERED.

*Instructions to Magistrate: Under Ariz. Rev. Stat. Ann. § 13-3967 (c) (Amended Laws 1977, Chap. 142) the magistrate is to consider the following factors in determining the appropriate conditions for release of persons accused of crime: the nature and circumstances of the offense charged, the weight of evidence against the accused, his family ties, employment, financial resources, character and mental condition, and length of residence in the community, his record of arrest and convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.*

*You are to obtain as much as possible of the information called for in this form for purposes of making your release decision. The arresting law enforcement officer is required to complete Part I of this form prior to the accused's initial appearance in court. The accused may complete his portion beforehand, or you may record the responses he gives orally during the initial appearance.*

A.  General Information.

1. With what is the defendant charged, or why was the defendant arrested? AGGRAVATED ASSAULT ON A POLICE OFFICER

2. If different than above, on what charges is the defendant to receive an initial appearance? NONE

3. When and where did the offense take place? 5905 W TOWNLEY ; 4-19-81 1955 HRS

4. Is the defendant here pursuant to an arrest or summons? YES

5. If the defendant was arrested, when and where was he/she taken into custody? 5905 W TOWNLEY : 4-19-81 1955 HRS

6. Name of officer making arrest: (please print) D. MEREDITH 3211

B.  Circumstances of the Offense.

7. Was the defendant armed at the time of the offense? NO If so, with what kind of weapon?

8. Was any property taken or destroyed? NO Of what value? _____ Has it been recovered? _____

9. Was anyone injured or threatened with personal injury by defendant during the course of the offense or subsequent thereto? YES
If so, what were the extent and nature of the injuries? (2) POLICE OFFICERS

C.  Circumstances of the Arrest.

10. Did the defendant attempt to avoid or resist arrest? YES If so, how? FIGHTING

11. Was the defendant armed at the time of the offense or arrest? NO

12. Was evidence of the offense found in the defendant's possession? NO

13. Has defendant admitted involvement in the offense? No

D.  Other Information.

14. Has the defendant made any threats against potential witnesses or other parties? YES
If so, explain. THREATENED OFFICERS

15. Is there any indication that the defendant is:
an alcoholic? _____, an addict? YES, mentally disturbed? _____, physically ill? _____.
Explain any affirmative answer. ON MF MDNE TREATMENTS

16. Is there any other information which indicates the defendant may flee if released? Explain in detail.

Signature: Law Enforcement Officer/Division Assignment #3211

GLENDALE PD.    931-5500
Agency/Agency Phone Number

Date

 

# IN THE JUSTICE COURT

GLENDALE **PRECINCT, MARICOPA COUNTY, STATE OF ARIZONA**

STATE OF ARIZONA

vs.

SABRINA LYNN SPEER

Defendant(s)

CR119488

No. CR81-0316

ORDER HOLDING DEFENDANT TO ANSWER
BEFORE THE SUPERIOR COURT

I HEREBY ORDER that the defendant(s)

SABRINA LYNN SPEER

be held to answer before the superior court on the charges that, in __GLENDALE__ Precinct, Maricopa County, Arizona on or about the

19th day of April 1981, a Felony to-wit:

AGGRAVATED ASSAULT, A CLASS 6 felonies

☒ I find that there is probable cause to believe that the above offenses have been committed and that the defendant committed them.

☐ The defendant waived a preliminary hearing on the charges.

☐ The defendant waived preliminary hearing and signed a plea agreement.

MAY 4, 1981
Date

Magistrate

Jusitce of the peace
Title

3899-040 :XI

# In the Justice Court of Glendale Precinct

County of Maricopa, State of Arizona

Criminal ~R10016
Docket No. ............................

Complaint of ..... JAMES CURTIS GPD

Charging..... CT.I& II: AGGRAVATED ASSAULT, A CLASS

6 felonies.

CR119188

THE STATE OF ARIZONA

vs.

SABRINA LYNN SPEER

.......................................... Attorney for Plaintiff

Defendant ............................................ Attorney for Defendant

CR119188

| Date | 1981 | PROCEEDINGS |
|------|------|-------------|
| 4-20-81 | | Defendant in court and complaint read to her. |
| | | Defenant informed of her legal rights. |
| | | Defendant files Release Questionarie, Order Regarding Counsel, financial |
| | | Statement and Release Order. |
| | | Court appoints Public Defender. |
| | | Preliminanry Hearing set at April 30, 1981 at 1:00 p.m. |
| | | Defendant released on Third Party Release. |
| 4-21-81 | | Complaint made and filed this day by James Curtis charging the Defendant |
| | | with having committed on orabout the 19th day of April 1981, a Felony to-wit |
| | | CTS.I&II: AGGRAVATED ASSAULT, A CALSS 6 felonies. |
| 4-30-81 | | Defendant in court with Richard Mesh; Counsel for the State larry |
| | | Morehouse. B oth sides ready. |
| | | Lisa Irby sowrn as court reporter. |
| | | Off. Babcock, and Off. Kassing sworn and testifed. |
| | | Both sides rest. |
| | | IT ISTHE JUDGMENT AND ORDER of the COURT that there is sufficinct |
| | | cause to beleive the defendant is guilty as charged and that he be held to |
| | | answer and that he be released on third party release. |
| | | Arraignment in Superior Court on May 13, 1981 at 8:30 a.m. |

ROBERT V.WARE
JUSTICE OF THEPEACE
GLENDALE PRECINCT



# IN THE JUSTICE COURT

GLENDALE **PRECINCT, MARICOPA COUNTY, STATE OF ARIZONA**

STATE OF ARIZONA

vs.

SABRINA LYNN SPEER

Defendant **( s )**

CR119188

No. ____ CR81-0316

**TRANSMITTAL CERTIFICATION**
(Holding Defendant to Answer)

I hereby certify that the enclosed items constitute a true and complete record of the preliminary proceedings held in the above-entitled case appearing in my Docket No. 81-0316, at Page _____.

The following items are included:

☒ The original complaint, including amendments, if any;

☐ The supporting affidavits of the following witnesses:
_____
_____;

☐ The arrest warrant or summons;

☒ The defendant's release questionnaire;

☒ The defendant's financial statement;

☒ If the defendant is or was in custody, a copy of the release order, showing the conditions under which he may be, or has been, released;

☐ The defendant's appearance bond;

☐ Security deposited in connection with the appearance bond; (Describe) _____

☐ Defendant's waiver of counsel; ;

☐ Order appointing counsel;

☐ Written appearance of counsel;

☐ Defendant's waiver of preliminary hearing;

☐ Defendant's waiver of preliminary hearing with plea agreement;

☐ Exhibits and items of physical evidence introduced at the preliminary hearing; (Describe) _____

☐ Order holding the defendant to answer in superior court;

☐ Other. (Describe) _____ WITNESS LIST _____

MAY 4, 1981
Date

Magistrate

Jusitce of the peace
Title

XII

STATE OF ARIZONA -- COUNTY OF MARICOPA -- ADULT PROBATION DEPARTMENT
P.O.: THOMAS H. OLIVER                                                    PROB.

| NAME | SABRINA LYNN SPEER | | RACE White | SEX F | HT 5'7" |
|---|---|---|---|---|---|

NAME          SABRINA LYNN SPEER                    RACE White   SEX F    HT 5'7"
RESIDENCE 2931 W. Missouri, #3                      EYES Bro   HAIR Bro   WT 135
              Phoenix, AZ          ZIP 85017        DOB 11-2-58           AGE 22
PHONE    None      MESSAGE PHONE 973-1470           CITIZEN OF USA
AKA OR MAIDEN Sabrina Lynn Womble, Smith, Cates BIRTHPLACE Phoenix, AZ
ID MARKS    None                                    DRIVER'S LIC. NO. AZ/Z204658/83
EMPLOYER/ADDRESS/PHONE Unemployed                   S.S. NO. 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
                                                    FBI NO. Unknown
OCCUPATION                 EDUCATION 10             BOOKING NO. None
MARITAL    Married         RELIGION Christian       CHILDREN: 1

RECEIVED
RUDOLPH J. GERBER

CURRENT OFFENSE

JUL 16 1981

CAUSE NO 119488      OFFENSE DATE 4-19-81      NCIC 1376N
   CHARGE Count I, Simple Assault, a Class 1 Misdemeanor
A.R.S. NOS. 13-1203(A)(1), 707, 802

JUDGE OF THE
SUPERIOR COURT

DATE OF ARREST 4-19-81              ARRESTING AGENCY Glendale PD
DATE INCAR.    None         REL. DATE None         REL. STATUS O.R.
DAYS IN JAIL THIS ARREST None    REMAND JUVENILE COURT/DATE--NO

DEFENSE COUNSEL Richard Mesh/DPD       PROSECUTOR Joel Glynn
GUILT BY/DATE  Plea   7-1-81     SENTENCING JUDGE RUDOLPH J. GERBER
DATE OF SENTENCE/SENTENCE 7-21-81
CODEF/DISPOS None

---

CRIMINAL HISTORY

WARRANTS OUTSTANDING

| | | | | CASE NO. | CHARGE | STATE |
|---|---|---|---|---|---|---|
| NO. CONVICTIONS: | FEL | MISD | JUV | | | |
| NO. INCARCERATIONS: | PRISON | JAIL | | | | |
| | ESCAPE | OTHER | | | | |
| NO. SUPERVISIONS: | PROB | PAROLE | | OTHER: | | |

GENERAL INFORMATION

NARCOTICS/ALCOHOL HISTORY U-Alcohol
TREATMENT/PROGRAMS None

MILITARY HISTORY: NOT APPLICABLE       PROBATION:
BRANCH              TYPE DISCH.        PROB. TERM. DATE
ENTRY DATE          DISCH. DATE        TYPE TERM.    CLASS 1030 FFO No

---

SPOUSE/RELATIVES/CHILDREN

| NAME | RELATION | AGE | ADDRESS | PHONE |
|---|---|---|---|---|
| Bill Womble | Husband | ? | 2931 W. Missouri, #3, Phoenix, AZ | |
| Paul Speer | Son | 2 | " | |

2948C/07-08-81/*JD

THE STATE OF ARIZONA
                Plaintiff
        vs.
SABRINA LYNN SPEER
    AKA SABRINA LYNN WOMBLE
    AKA SABRINA LYNN SMITH
    AKA SABRINA LYNN CATES
        Defendant

CAUSE NO. 119488
HONORABLE RUDOPH J. GERBER
CRIMINAL DIVISION I
SUPERIOR COURT

## PRESENTENCE INVESTIGATION

PRESENT CHARGE:    Count I, Simple Assault, a Class 1 Misdemeanor; as amended
                   from Counts I and II, Aggravated Assault, both Class 6
                   Felonies.

PLEA:              July 1, 1981

CUSTODY STATUS:    On own recognizance.

DEFENSE COUNSEL:   Richard Mesh, Deputy Public Defender.

PRESENT OFFENSE:   DR #/Agency: 81-15806, Glendale Police Department

Description:       On April 19, 1981, at approximately 8:00 p.m., officers of
the Glendale Police Department, specifically Officer Lynn Babcock, was in the
process of arresting the defendant for disorderly behavior.  The defendant
resisted the officer's attempts to arrest her, and grabbed the officer by the
throat.  The officer was able to free himself from the grasp of the defendant,
but in doing so sustained a cut from the defendant's fingernails to his
throat.  The defendant was ultimately subdued with the aid of another officer,
Harold Kassing, who was bitten on the finger by the defendant.

Economic Loss and/or Victim Statement:  Officer Babcock was contacted by this
writer.  He stated he suffered no economic loss as the result of the
defendant's actions.  He feels the defendant is an unstable individual who
needs some type of psychiatric intervention.  He recommends she be granted
probation, and as a condition of probation be ordered to serve time in jail.

RELATED OFFENSE(S):

        CR 119488: Offense--Count II, Aggravated Assault, a Class 6 Felony.
        DR #/Agency:  81-15806-Glendale Police Department
Defendant's Admission:  No

Economic Loss:  None.

Legal Status:  (Pending dismissal at sentencing.)

SABRINA LYNN SPEER              PAGE 1              CAUSE NO. 119488

## DEFENDANT'S STATEMENT/STATUS:

The defendant denies that she grabbed the officer by the throat and that she bit another officer. She claims that she was treated roughly by the Glendale police and her only actions were attempts to minimize the rough treatment she was receiving.

The defendant has recently married and is devoting all her time and purpose to being a wife and mother. She does not wish to be granted probation, stating, "I don't feel I need it."

## PRIOR RECORD:

Juvenile: The defendant claims to have never been referred to juvenile authorities.

Adult: Rap Sheet Attached--No.
This offense appears to constitute the defendant's only adult encounter with the criminal justice system.

## SOCIAL HISTORY: (Supplement to face sheet)

Family: The defendant states that she is the oldest of two children born to her natural parents. She claims that the family was abandoned by her mother when the defendant was approximately nine years of age. She notes that subsequent to that event, she, her father, and her younger brother, iived with her father's mother. She claims that her father has been disabled as a result of a severe traffic accident, since she was nine years of age.

Marital: The defendant has been married on three occasions. The first marriage occurred when she was sixteen years of age. Her most recent marriage occurred on June 12, 1981. The defendant claims that her second marriage produced one child, Paul, age two.

Military: None.

Education: The defendant claims to have completed the tenth grade. She notes that she became ill with bronchitis and never returned to school.

Employment: The defendant is presently unemployed. She claims that her last employment took place in 1980, for approximately two months when she held the position of waitress for a local restaurant. The defendant advises that her husband's earnings adequately meet the needs of their family.

Health: No problems noted.

Substance Abuse: The defendant admits that she partakes of alcohol, but qualifies the statement by indicating she only drinks approximately once per year. The defendant completely denies any use of illicit drugs.

SABRINA LYNN SPEER                    PAGE 2                    CAUSE NO. 119488

## DISCUSSION AND EVALUATION:

Legal Status: The defendant appears for sentencing having pled to the charge herein, and appears a good candidate for probation.

Critical Issues: The defendant is a first offender. It seems that she became involved in this offense when her emotions were extremely vulnerable. There is some concern by this writer that the defendant completely denies her behavior as related by police officers.

### Supportive Factors:

1. The defendant's lack of a prior record.
2. The plea agreement which states that the defendant will be granted supervised probation.
3. Comments of the victim.
4. The defendant's cooperative attitude toward this writer during the presentence process.
5. The defendant's youthful age.
6. The defendant's responsibilities to her family.

Summary: The defendant appears an appropriate candidate for a short term of probation.

RECOMMENDATION: Six months probation with standard terms, plus terms #12 and #16.

DOCUMENTS ATTACHED: Plea agreement.

Restitution/Reimbursement: Term #16, reimbursement not to exceed $15.00 monthly for three hours invested in her case by the office of the public defender.

Respectfully submitted, B. C. Duffie, Chief Probation Officer

By: _____
Thomas H. Oliver, Deputy Adult Probation Officer
262-3953

Reviewed by: _____
Wade Hoffman, Supervisor

I have reviewed and considered the probation officer's report.

Judge: _____

Date: _____

TO:jd:2947C
July 8, 1981

SABRINA LYNN SPEER                    PAGE 3                    CAUSE NO. 119488

Case 2:16-cv-04193-GMS   Document 23-5   Filed 08/02/18   Page 50 of 66

IN THE _UPERIOR_ COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

STATE OF ARIZONA,
    vs.
             Defendant
Sabrina L. Spear

NO. CR 119488
PLEA AGREEMENT

The State of Arizona and the defendant hereby agree to the following disposition of this case:

Plea: The defendant agrees to plead guilty/no contest to:
Simple Assault, a class 1 misdemeanor, in violation
of A.R.S. 69 13-1203(A)(1), 13-707, 13-802

This is a [non] dangerous offense under the criminal code.

Terms: On the following understandings, terms and conditions:

1. The crime carries a presumptive sentence of N/A years; a minimum sentence of N/A years and a maximum sentence of _6_ years, Month in County Jail.

Probation [is][is not] available. Restitution of economic loss to the victim and waiver of extradition for probation revocation procedures will be required.

The maximum fine that can be imposed is $1000 ___ plus 1C percent surcharge. Special conditions regarding sentence, parole, or commutation imposed by statute (if any) are ___

2. The parties stipulate to the following additional terms: (These stipulations are subject to court approval at the time of sentencing as set forth in paragraph 8) The Defendant must be placed on supervision probation There Are no agreements as to the terms of probation

3. The following charges are dismissed, or if not yet filed, shall not be brought against the defendant: CT. II.

4. This agreement serves to amend the complaint, indictment, or information to charge the offense to which the defendant pleads, without the filing of any additional pleading. If the plea is rejected by the court, or withdrawn by either party, or if the conviction is reversed upon an appeal by the defendant, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated.

5. If the defendant is charged with a felony, he hereby waives and gives up his rights to a preliminary hearing or other probable cause determination on the charges to which he pleads. The defendant agrees that this agreement shall not be binding on the State should the defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause; nor shall this agreement be binding on the State until the State confirms all representations made by the Defendant and his attorney, to wit: The Defendant Makes No prior Felony convictions

In the event the court rejects the plea, or either the State or the defendant withdraws the plea, the defendant hereby waives and gives up his right to a preliminary hearing or other probable cause determination on the original charges.

6. Unless this plea is rejected by the court or withdrawn by either party, the defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. Defendant further waives and gives up the right to appeal based upon any of the above.

7. If after accepting this agreement the court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the state and the defendant each an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will be automatically reinstated.

8. The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the defendant and that any sentence either stipulated to or recommended herein in paragraph two is not binding upon the court, and that the court need not accept either the stipulation or recommendation but is bound only by the limits set forth in paragraph one and the applicable statutes.

9. This plea bargain agreement in no way affects a civil vehicle forfeiture proceeding pursuant to A.R.S. 36-1041 through 36-1046 or A.R.S. 32-1993, if applicable, or other types of forfeitures pursuant to A.R.S. Sec. 13-105.

I have read and understand the provisions of this agreement. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading guilty/no contest I will be waiving and giving up my right to a trial by jury, to confront, cross-examine, compel the attendance of witnesses, to present evidence in my behalf, my privilege against self-incrimination and the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein. I fully understand that if, as part of this plea bargain, I am granted probation by the court, the terms and conditions thereof are subject to modification at any time during the period of probation. I understand that if I violate any of the written conditions of my probation, my probation may be terminated and I can be sentenced to any term or terms stated above in paragraph one.

I have personally and voluntarily placed my initials in each of the above boxes and signed the signature line below to indicate I read and approved all of the previous paragraphs in this agreement, both individually and as a total binding/agreement.

DATE 7/11/8        DEFENDANT Sabrina L. Spear

I have discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

DATE 7/11/8        DEFENSE COUNSEL

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interest of justice.

DATE 7-1-81        PROSECUTOR

FORM XVIII 12/78



**IN THE SUPERIOR COURT**

OF

**MARICOPA COUNTY, STATE OF ARIZONA**

| OFFICE DISTRIBUTION |
| --- |
| APPEALS |
| BONDS   REFUND |
| FORFEITURE |
| CHANGE OF VENUE |
| JURY FEES |
| REMANDS |
| SENTENCING |

| 35-I | July 1, 1981 | HON. RUDOLPH J. GERBER | WILSON D. PALMER, Clerk |
| DIV | DATE | JUDGE OR COMMISSIONER | J. Landmeier Deputy |

CR-119488

**State of Arizona**

vs.

Related Cases:

SABRINA LYNN SPEER (WOMBLE)

County Attorney/Joel Glynn
By: Fred Newton

Adult Probation Office

Maricopa County Sheriff's Office
Public Defender/M. Sullivan
by: Maria Regina
Defense Counsel

PLEA AGREEMENT/CHANGE OF PLEA
(No Prior Conviction Alleged)

    The State is represented by the above-named deputy; defendant is present with above-named counsel.  Court Reporter: _____

    Kitty Lovejoy _____

      FILED:  Plea Agreement signed by defendant and counsel.

      The State moves to dismiss _Count II_____

      Defendant states true name is as noted on the agreement.

      Defendant states to the Court a desire to enter a plea of guilty to the crime of _SIMPLE ASSAULT,_____

a class __1____ felony/misdemeanor/other~~xxxxxxxxxx~~, under A.R.S.

_13-1203(A)(1), 13-707, 802_
a nondangerous/~~dangerous~~ and nonrepetitive offense.  No prior felony conviction is alleged.

    The Court advises the defendant as to the range of possible sentences for the offense, including whether or not probation is available and any other conditions imposed by statute including special requirements for probation, if available.  The Court further advises the defendant as to all constitutional rights waived by the plea agreement.

    Upon inquiry, the Court finds the defendant desires to forego the constitutional rights; that the plea is made knowingly, intelligently, and voluntarily, not the result of force, threats, or

CLERK OF THE COURT
MAIL DISTRIBUTION CENTER

(Continued Next Page)  JUL 6 1981  Page 1 of 2

Received: JUL 6 1981

Processed: JUL 6 1981

1601-132



**IN THE SUPERIOR COURT**

OF

**MARICOPA COUNTY, STATE OF ARIZONA**

| OFFICE DISTRIBUTION |
|---|
| APPEALS |
| BONDS  REFUN. |
| FORFEITURE |
| CHANGE OF VENUE |
| JURY FEES |
| REMANDS |
| SENTENCING |

| 35-I | July 1, 1981 | HON. RUDOLPH J. GERBER | WILSON D. PALMER  Cler. |
|---|---|---|---|
| SUV | DATE | JUDGE OR COMMISSIONER | J. Landmeier  Deputy |

CR-119488 | STATE OF ARIZONA vs. ___ SABRINA LYNN SPEER (WOMBLE) ___ (continued)

Related
Cases:

promises; that there is a factual basis for the plea; and that the defendant understands the range of sentences and other penalties available.

The defendant pleads guilty.

The plea of the defendant of guilty is accepted and entered of record to the crime of ___ SIMPLE ASSAULT ___

a class 1 ___ felony/misdemeanor/open and address; committed on:
April 19, 1981 ___; in violation of A.R.S. 13-1203(A)(1), 701 & 802
___; a nondangerous/dangerous and nonrepetitive offense

ORDERED setting for entry of judgment of guilt and sentencing
in Div. 35-I, Judge RUDOLPH J. GERBER ___, at 1:30 p.m.
on ___ July 21, 1981 ___.

ORDERED a presentence investigation and report be made and that defendant, if not in custody, shall immediately report to the Adult Probation Department.

Any motions to dismiss will be deemed submitted until the time of sentencing.
ORDERED affirming prior custody orders.

ORDERED vacating the trial date of _this date._

(ISSUED:  Green slip DRPR)

**CLERK OF THE COURT**
**MAIL DISTRIBUTION CENTER**

1601-132 :4

Received:  JUL 2 1981

Processed: JUL 6 1981 Page ___/2/___.
2 of 2

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

STATE OF ARIZONA,                        NO. CR 119488
vs.                                      PLEA AGREEMENT
        Hal Mas Womble
        Defendant.

Sabrina L. Speer                                          FILED
                                                         JUL 1 1981 11:52
                                                         WILSON D. FA...
                                                         By ____ deputy
                                                         V. GAJDA

The State of Arizona and the defendant hereby agree to the following disposition of this case:

Plea: The defendant agrees to plead guilty/no contest to:
   simple Assault a class 1 misdemeanor in violation
   of A.R.S. 69 13-1203(A)(1), 13-707, 13-802

This is a [non] dangerous offense under the criminal code.

Terms: On the following understandings, terms and conditions:

1. The crime carries a presumptive sentence of N/A years; a minimum sentence of N/A years and a maximum sentence of N/A years. Months in county jail.

Probation [is/is not] available. Restitution of economic loss to the victim and waiver of extradition for probation revocation procedures will be required.
The maximum fine that can be imposed is $1000.⁰⁰ plus 12 percent surcharge. Special conditions regarding sentence, parole, or commutation imposed by statute (if any) are: none

2. The parties stipulate to the following additional terms: (These stipulations are subject to court approval at the time of sentencing as set forth in paragraph 5). The Defendant must be placed on supervised probation. There are no agreements as to the terms of probation.

3. The following charges are dismissed, or if not yet filed, shall not be brought against the defendant: CT II.

4. This agreement serves to amend the complaint, indictment, or information to charge the offense to which the defendant pleads, without the filing of any additional pleading. If the plea is rejected by the court, or withdrawn by either party, or if the conviction is reversed upon an appeal by the defendant, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated.

5. If the defendant is charged with a felony, he hereby waives and gives up his rights to a preliminary hearing or other probable cause determination on the charges to which he pleads. The defendant agrees that this agreement shall not be binding on the State should the defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause; nor shall this agreement be binding on the State until the State confirms all representations made by the Defendant and his attorney, to-wit: The Defendant alone. No prior felony convictions

In the event the court rejects the plea, or either the State or the defendant withdraws the plea, the defendant hereby waives and gives up his right to a preliminary hearing or other probable cause determination on the original charges.

6. Unless this plea is rejected by the court or withdrawn by either party, the defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. Defendant further waives and gives up the right to appeal based upon any of the above.

7. If after accepting this agreement the court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the state and the defendant each an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will be automatically reinstated.

8. The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the defendant and that any sentence either stipulated to or recommended herein in paragraph two is not binding upon the court, and that the court need not accept either the stipulation or recommendation but is bound only by the limits set forth in paragraph one and the applicable statutes.

9. This plea bargain agreement in no way affects a civil vehicle forfeiture proceeding pursuant to A.R.S. 36-1041 through 36-1048 or A.R.S. 32-1993, if applicable, or other types of forfeitures pursuant to A.R.S. Sec. 13-106.

I have read and understand the provisions of this agreement. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading (guilty) (no contest) I will be waiving and giving up my right to a trial by jury, to confront, cross-examine, compel the attendance of witnesses, to present evidence in my behalf, my privilege against self-incrimination and the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein. I fully understand that if, as part of this plea bargain, I am granted probation by the court, the terms and conditions thereof are subject to modification at any time during the period of probation. I understand that if I violate any of the written conditions of my probation, my probation may be terminated and I can be sentenced to any term or terms stated above in paragraph one.

I have personally and voluntarily placed my initials in each of the above boxes and signed the signature line below to indicate I read and approved all of the previous paragraphs in this agreement, both individually and as a total binding agreement.

_____/1/1/81/          _____ Sabrina L. Speer
DATE                            DEFENDANT

I have discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

_____/1/1/81/          _____
DATE                            DEFENSE COUNSEL

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interest of justice.

7-1-81                          _____
DATE                            PROSECUTOR

FORM XVIII 12/78

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

State of Arizona

           Plaintiff

vs.

Sabrina Lynn Speer

           Defendant

No. CR 119488

STIPULATION, OR ALTERNATIVELY, MOTION
FOR TEMPORARY REMOVAL OF OFFICIAL COURT
FILES, TRANSCRIPTS OR EXHIBITS, AND ORDER.

S T I P U L A T I O N

_____, Attorney for Plaintiff, and _____

Attorney for Defendant, hereby stipulate that Attorney for _____

temporarily remove the following documents until _____, 19___:

_____

_____

Attorney for Plaintiff              Attorney for Defendant

M O T I O N  (if no stipulation is obtainable)

Joe M. Glynn moves this Court for an order authorizing the

temporary removal of the following documents until May 29 , 19 81:

Preliminary Hearing Transcript

                       Joel Glynn
                       Attorney for _____.

P U R P O S E  O F  U S E  (stipulation or motion)

Trial Preparation

DATED this 19th day of May , 1981.

O R D E R

Pursuant to the foregoing (stipulation) (motion) and good cause appearing,

IT IS ORDERED authorizing and directing the Clerk of this Court to surrender into the

temporary custody of the attorney seeking custody of the items above specified, the same to be

returned on or before 4:00 p.m. on the afternoon of the 29th day of May , 19 81.

5-20-81
Date                         Judge

R E C E I P T

On this 21 day of may , 19 81, the undersigned acknowledges receipt

of the items above specified under the conditions recited.

Attorney of Record          Joel Glynn peark Fay

_____      Address: C.A

_____      Telephone: 8531

The foregoing returned this ___ day of June , 19 81.

                  WILSON D. PALMER, CLERK

73-M-43                 By Higgins
                    Deputy Clerk

# OFFICE OF THE MARICOPA COUNTY ATTORNEY



101 W. JEFFERSON STREET, SUITE 400
PHOENIX, ARIZONA 85003

TOM COLLINS, COUNTY ATTORNEY                                        NORMAN C. KEYT, CHIEF DEPUTY

## NOTICE OF DISCLOSURE

May 20, 1981

Richard Mesh
Deputy Public Defender
132 S. Central
Phoenix, Arizona



Re:    State v. Sabrina Lynn Speer
       Criminal No. CR 119488
       C. A. File No. F3581-81

Dear Dick:

This letter is to confirm with you as attorney of record that certain material and
information to be disclosed by the State of Arizona is ready for inspection and
may be examined and reproduced at the Maricopa County Attorney's Office, 101
West Jefferson, Phoenix, Arizona.

Request is hereby made for a written notice of defenses pursuant to Rule
15.2(b) of the Arizona Rules of Criminal Procedure, together with the disclosure
of the items enumerated in Rule 15.2(c). Please note that the notice of defenses
and the other disclosures by the defendant are due within twenty (20) days
after the arraignment.

Pursuant to the Rules of Criminal Procedure, a pre-trial conference may be held
by June 9, 1981 Please call me at 262-8531 in advance of that date so that we
may discuss the issues remaining to be tried in this case.

The State intends to use at trial all statements made by the defendant(s).
These statements are contained in the material ready for your examination or
have already been provided to you.

Very truly yours,


Joel M. Glynn
Deputy County Attorney

cc:   Clerk of Superior Court, CR 119488



WILLIAM L. TOPF, III
COURT COMMISSIONER

ARIZONA SUPERIOR COURT
MARICOPA COUNTY

CRIMINAL DOCKET
ARRAIGNMENTS DIVISION                          FRIDAY     MAY     15, 1981
                                               AT  8:30 AM
DEPUTY COURT CLERK. M..Cott........            ARRAIGNMENT JUDGE
*************                                                      INFO
*CR 119488 * STATE OF ARIZONA      COUNTY ATTORNEY IS REPRESENTED  05/11/81
*************          VS
                                   COURT REPORTER. Marianne Luise

          SPEER, SABRINA LYNN
          CNT 01 AGG ASSAULT F6N
          CNT 02 AGG ASSAULT F6N
          ATTY: PUBLIC DEFENDER
             RELEASE OR
          INITIAL 04/20/81 NOT IN CUST

     CASE ASSIGNED TO DIVISION CRIM I  Judge Hiller

COURT DETERMINES DEFENDANT ABOVE IS PRESENT AND ENTERS FOLLOWING ORDERS:
          1. A PLEA OF NOT GUILTY AS TO ALL CHARGES;

     2. SETTING TRIAL FOR.... July .1............., 1981 AT 9:00a.m.

     3. THAT DEADLINE DATES FOR FURTHER PROCEEDINGS ARE:
STATE DISCLOSURE            NO LATER THAN 10 DAYS AFTER ARRAIGNMENT DATE
DEFENDANT DISCLOSURE        NO LATER THAN 20 DAYS AFTER ARRAIGNMENT DATE
PREHEARING CONFERENCE       NO LATER THAN 25 DAYS AFTER ARRAIGNMENT DATE
REQUEST FOR OMNIBUS HEARING NO LATER THAN 30 DAYS AFTER ARRAIGNMENT DATE
ALL MOTIONS                 FILED NO LATER THAN 6-11-81
     4. APPOINTMENT OF COUNSEL AND CUSTODY ORDERS ARE AFFIRMED;
     5. SPELLING AND TRUE NAME OF DEFENDANT TO BE GIVEN COURT ADMINISTRATOR
AND CLERK BY END OF NEXT COURT DAY, PROVIDED TO STATE AT TIME OF DEFENDANT
DISCLOSURE, AND CHARGE TO BE AMENDED TO SHOW TRUE NAME OF DEFENDANT;
     6. COPIES OF THIS MINUTE ORDER GIVEN COUNSEL THIS DATE.
     7. EXCLUDING .... DAYS UNDER RULE 8.4.
     8. ORDERED DIRECTING THE CLERK TO AMEND THE CHARGE TO REFLECT TRUE
NAME OF DEFENDANT TO BE:.......................

          Jd  8-18-81

                         CLERK OF THE COURT
                         MAIL DISTRIBUTION CENTER

                         Received:  MAY 18 1981

                         Processed.  MAY 18 1981

                                                       30

SON O. HAIMER, CLERK
DEP.
FILED

IN THE JUSTICE COURT OF GLENDALE PRECINCT

COUNTY OF MARICOPA, STATE OF ARIZONA    1981 MAY 20 PM 2: 12

STATE OF ARIZONA,                    )
                                     )
                    Plaintiff,       )      CR 119488
                                     )
        vs.                          )   NO.  C R  8 1 - 0 3 1 6
                                     )
SABRINA LYNN SPEER,                  )
                                     )
                    Defendant.       )
─────────────────────────────────────

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Glendale, Arizona
April 30, 1981
1:00 o'clock p.m.

BEFORE:  THE HONORABLE ROBERT V. WARE, Justice of the Peace.

BRUSH & TERRELL
REGISTERED PROFESSIONAL REPORTERS

PREPARED FOR:                              REPORTED BY:

SUPERIOR COURT                             M. Lisa Irby

                                           ORIGINAL

                        253-1261  •  253-1276
222 North Central Avenue    •    Suite 662    •    Phoenix, Arizona 85004

# In the Superior Court

OF MARICOPA COUNTY, STATE OF ARIZONA

THE STATE OF ARIZONA,          )
                               )
          vs.                  )          No. CR    119488
                               )
SABRINA LYNN SPEER,            )          INFORMATION FOR
                               )
                               )          COUNTS I & II: AGGRAVATED ASSAULT,
          Defendant.           )          CLASS 6 FELONIES
                               )
                               )
_____)

THE MARICOPA COUNTY ATTORNEY accuses SABRINA LYNN SPEER, on
this 11th day of May, 1981, charging that in Maricopa County,
Arizona:

SABRINA LYNN SPEER, on or about the 19th day of April, 1981,
knowing or having reason to know that C. Lynn Babcock was a peace
officer, knowingly touched C. Lynn Babcock with the intent to
injure, insult or provoke him in violation of A.R.S., Sec. 13-
1204(A)(5) and (B), 13-1203(A)(3), 13-701, 13-702 and 13-801.

COUNT II: SABRINA LYNN SPEER, on or about the 19th day of April,
1981, knowing or having reason to know that Harold Kassing was a
peace officer, knowingly touched Harold Kassing with the intent to
injure, insult or provoke him in violation of A.R.S., Sec. 13-
1204(A)(5) and (B), 13-1203(A)(3), 13-701, 13702 and 13-801.

                              THOMAS E. COLLINS
                              MARICOPA COUNTY ATTORNEY

                              By _____

                              DEPUTY COUNTY ATTORNEY

cr 2/CR 1

1900-134

```
        R1CR11°4°8R SABRINA L    SPEER                      $10.00 MONTHLY        D

RESTN ORD    50.00 TOT EXON    .00 BEGIN DATE 08/01/81 PROB EXPIRES 01/21/82
    94-PUBLIC DEFENDER
---------------------------------------------------------------------------
    DATE     PAYMENT TYPE      RECEIPT #      AMOUNT          AMT VOIDED
08/11/81  CASH                002870        $10.00
09/04/81  CASH                004793        $10.00
10/19/81  CASH                002000        $10.00
11/09/81  CASH                003959        $10.00
12/17/81  CASH                007350        $10.00
    DELQ FROM             DELQ AMT      .00         HELD FUNDS      .00   REASON
CASH BAL    BEG JUN     .00       CURR       .00
RECT BAL    BEG JUN     .00       CURR       .00
```

CR 119488



She-eh

JUDGE GERBER
SENT. JUDGE GERBER
BILL ROBERSON

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

THE STATE OF ARIZONA

vs.

SABRINA LYNN SPEER
AKA Wombie

Cause No. _____119488_____

### ORDER OF DISCHARGE
### FROM PROBATION

IT IS ORDERED, pursuant to A.R.S., Section 13-905 and R.C.P. 27.4 that the defendant is hereby discharged

from probation in this cause.

DATED this ____26____ day of ___Jan.___ , 19_82_

_____
Judge of the Superior Court

*1982 JAN 28 PM 4: 59 FILED*

The defendant is advised that A.R.S. Sections, 13-905, 13-907 and 13-908 provide as follows:

§13-905. Restoration of civil rights; persons completing probation

A. A person who has been convicted of two or more felonies whose period of probation has been completed may have any civil rights which were lost or suspended by his felony conviction restored by the judge who discharges him at the end of the term of probation.

B. Upon proper application, a person who has been discharged from probation either prior to or after adoption of this chapter may have any civil rights which were lost or suspended by his felony conviction restored by the superior court judge by whom the person was sentenced or his successors in office from the county in which he was originally convicted. The clerk of such superior court shall have the responsibility for processing the application upon request of the person involved or his attorney. The superior court shall cause a copy of the application to be served upon the county attorney.

§13-907. Setting aside judgment of convicted person upon discharge; making of application; release from disabilities; exceptions

Every person convicted of a criminal offense other than a violation of §28-473, the provisions of title 28, chapter 6, or a violation of any local ordinance relating to stopping, standing or operation of a vehicle, but nevertheless including a violation of § §28-661, 28-692, 28-692.02, 28-693 or any local ordinance relating to the same subject matter of such sections, may upon fulfillment of the conditions of probation or sentence and discharge by the court, apply to the judge, justice of the peace or magistrate who pronounced sentence or imposed probation or such judge, justice of the peace or magistrate's successor in office to have the judgment of guilt set aside. The convicted person shall be informed of this right at the time of discharge. The application to set aside the judgment may be made by the convicted person, by his attorney or probation officer authorized in writing. If the judge, justice of the peace or magistrate grants the application, the judge, justice of the peace or magistrate shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and liabilities resulting from the conviction other than those imposed by the department of transportation pursuant to §28-445 or 28-446, and except that the conviction may be pleaded and proved in any subsequent prosecution of such person the state or any of its subdivisions for any offense or used by the department of transportation in enforcing the provisions of §28-445 or 28-446 as if the judgment of guilt had not been set aside.

§13-908. Restoration of civil rights in the discretion of the superior court judge

Except as provided in §13-912, the restoration of civil rights and the dismissal of the accusation or information under the provisions of this chapter shall be in the discretion of the superior court judge by whom the person was sentenced or his successor in office.

As Amended, Laws 1978.

### ORDER OF DISCHARGE FROM PROBATION

White Copy:
Court File
45-5 4/80

Yellow Copy:
Probation File

## REIMBURSEMENT LEDGER REQUEST

**PROBATIONER** SABRINA L. SPEER    **CAUSE NO.** 119488

**ADDRESS** 2931 W. Missourti #3    **CITY, STATE, ZIP** Phoenix, AZ 85017

**SENTENCE DATE** 7-21-81    **EXPIRATION DATE** 1-21-82

**PAYMENTS** $10.00    **BEGINNING** 8-1-81

**TOTAL REIMBURSEMENT** $50.00

If probation expires and restitution is not fully paid, it will be
necessary to obtain a modification of the terms of probation or con-
tinue the defendant on probation until restitution is paid.

### GENERAL REIMBURSEMENT

| VICTIM | ADDRESS | AMOUNT | IDENTIFYING INFO. |
|---|---|---|---|
| Maricopa County General Fund | | $50.00 | Richard Mesh Public Defender |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Copy to: Probation file**

**IN THE SUPERIOR COURT**
OF
**MARICOPA COUNTY, STATE OF ARIZONA**

OFFICE DISTRIBUTION
APPEALS
BONDS   REFUND
FORFEITURE
CHANGE OF VENUE
JURY FEES
REMANDS
SENTENCING
Bookkeeping

35-I   July 21, 1981   Hon. Rudolph J. Gerber   WILSON D PALMER

CR-114488

State of Arizona

vs.

Sabrina Lynn Speer
(Womble)

Related
Cases:

County Attorney
By: Joel Glynn

Adult Probation Office

Maricopa County Sheriff's Office

Douglas Harmon, P.D.
Defense Counsel

SENTENCE - PROBATION - NO JAIL

The State is represented by the above-named deputy; defendant is present with above-named counsel.  Court Reporter: Kitty Lovejoy

The defendant is advised of the charge, the determination of guilt, and is given an opportunity to speak.

Having found no legal cause to delay, the Court enters the following judgment and sentence:

IT IS THE JUDGMENT of the Court that the defendant is guilty of the crime of Count I, Simple assault, a

x nondangerous and nonrepetitive class / felony/misdemeanor/ open and offense; committed on: April 19, 1981 in violation of A.R.S. 13-1203(A)(1), 13-707, 802 .

Upon consideration of the offense, and the facts, law, and circumstances involved in this case, the Court finds that the defendant is eligible for probation.  The Court's specific reasons for the granting of probation are as stated on the record.

As punishment for this crime,

ORDERED suspending imposition of sentence and placing

**CLERK OF THE COURT**
MAIL DISTRIBUTION CENTER

JUL 22 1981

Received:

(Continued Next Page)

Processed:  JUL 22 1981

33

1601-115 :a

1 of 3

OFFICE DISTRIBUTION:

| PLAS | |
| BONDS  REFUND | |
| FORFEITURE | |
| CHANGE OF VENUE | |
| JURY FEES | |
| REMANDS | |
| SENTENCING | |

**IN THE SUPERIOR COURT**

OF

**MARICOPA COUNTY, STATE OF ARIZONA**

35-I   July 21, 1981  Hon. Rudolph J. Gerber   WILSON D. PALMER

CR-11988

STATE OF ARIZONA vs _Sabrina Lynn Spies_ _____ (continued)

**Related Cases:**

defendant on probation for a period of _Six (6) months_
commencing _7-21-81_ _____ under the supervision of the
Adult Probation Department of this Court, in accordance with the
formal Judgment and Order suspending sentence and imposing terms of
probation signed by the Court.

ORDERED defendant shall make and pay Restitution to the victim
of this crime, for the victim's economic loss, through the Clerk of
the Superior Court of Maricopa County in the total amount of
$_____ on or before_____,
or in regular monthly payments of $_____each month
beginning on_____ and on the _____day of each
month thereafter until paid in full.

ORDERED defendant shall make and pay Reimbursement to Maricopa
County through the Clerk of the Superior Court of Maricopa County
for the reasons stated on the record and in the terms and conditions
of probation, in the total amount of $ _50.00_
on or before____ _N/a_ _____, or in regular monthly payments of
$____ _10.00_ ____each month beginning on _August 1, 1981_
and on the _first_ day of each month thereafter until paid in
full.

ORDERED defendant shall pay a Fine to the Clerk of the
Superior Court of Maricopa County in the amount of $_____
which equals $_____ plus a surcharge of $_____
on or before_____ or in regular monthly payments of
_____each month beginning on_____ and on the
_____day of each month thereafter until paid in full.

The written terms and conditions of probation are handed to
the defendant for explanation, acceptance, and signature.  Defendant

CLERK OF THE COURT
MAIL DISTRIBUTION CENTER

**Received:** JUL 22 1981

1801-115 :b                    (Continued Next Page) JUL 22 1981   34

2 of 3

OFFICE DISTRIBUTION

APPEALS
BONDS   REFUND
        FORFEITURE
CHANGE OF VENUE
JURY FEES
REMANDS
SENTENCING

**IN THE SUPERIOR COURT**
**OF**
**MARICOPA COUNTY, STATE OF ARIZONA**

35 I    July 21, 1981   Hon. Rudolph J. Gulver    WILSON D. PALMER, Clerk
                                                  Deputy

CR-11948    STATE OF ARIZONA vs Sabrina Lynn Speer    (continued)

Related
Cases:

agrees to the stated waiver of right of extradition.  The defendant
is advised concerning the consequences of failure to abide the con-
ditions of probation.

The defendant is advised concerning rights of appeal and
written notice of those rights is provided.

ORDERED granting the motion to dismiss Count II

ORDERED releasing defendant and exonerating any bond.

IT IS ORDERED that defendant's right thumbprint be attached
to the Judgment and Terms of Conditions of Probation.

FILED:  Conditions of Probation and Notice of Appeal Rights,
both signed by defendant and copies provided to defendant.

As a special condition of probation the
defendant is to complete ten (10) hours in the Work Order
Program.

CLERK OF THE COURT
MAIL DISTRIBUTION CENTER

1601-118: C

Received:  JUL 22 1981

Processed: JUL 22 1981    35

3 of 3

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

FILED
7-21-71 2:50
PALMER, Clerk
By _____
Deputy

THE STATE OF ARIZONA

vs.

No. CR 119488

## NOTICE OF RIGHT TO APPEAL
## AND APPEAL PROCEDURE

SABRINA LYNN SPEER

Defendant(s)

You have a right to appeal from a final judgment of conviction, from an order denying a post-trial motion, or from a sentence which is illegal or excessive. Arizona Constitution art. 2, §24; Arizona Revised Statutes Annotated § 13-4031 (1978)

In order to exercise this right:

1. You **must** file a NOTICE OF APPEAL (Form XXIV (a)) within 20 DAYS of the entry of judgment and sentence. **If you do not file a notice of appeal within 20 days you will lose your right to appeal.** The entry of judgment and sentence occurs at the time of sentencing. If you do not appeal you may not ever have another opportunity to have any errors made in this case corrected by another court.

2. To file a notice of appeal you should contact your lawyer, by letter, telephone or in person, telling him that you want to appeal. You can file the notice of appeal before you leave the courtroom on the day you are sentenced if you wish.

3. If you do not have a lawyer, get copies of Form V, Defendant's Financial Statement and Request for Appointment of Counsel and Form XXIV (a), Notice of Appeal, either from the clerk of the court, the jail, or the prison, fill them **both** out and send them to the clerk of the superior court in the county where you were tried and sentenced. They **must arrive** at the clerk's office within 20 days after you were sentenced.

4. You should have a lawyer to handle your appeal.

5. If you want a full copy of the rules governing appeals, the clerk of the court in the county where you were convicted will send you one upon request.

## RECEIPT BY DEFENDANT

I have received a copy of this notice of my right to appeal and appeal procedure.

7/20/81
Date

Sabrina Speer
Wonbele
Defendant

Form XXIII
3800-080

1030

MARICOPA COUNTY

THE STATE OF ARIZONA

vs

SABRINA LYNN SPEER

CR __119488__

JUDGMENT AND ORDER SUSPENDING SENTENCE AND IMPOSING TERMS OF PROBATION

☐ CONCURRENT WITH CR_____

IT IS THE JUDGMENT OF THIS COURT THAT DEFENDANT IS GUILTY OF

COUNT I, SIMPLE ASSAULT, A CLASS 1 MISDEMEANOR

FILED
7-21-81 2:50
PALMER, Clerk
Deputy

ORDERED suspending imposition of sentence for a period of _____ [year(s) month(s)] from this date and placing Defendant on probation under the supervision of the Adult Probation Department of this Court.

ORDERED imposition of sentence is suspended on those terms and regulations of probation which are checked below, and therefore AS STANDARD TERMS DEFENDANT SHALL:

☑ 1. At all times be a law-abiding citizen.

☑ 2. Report to the probation officer at least once each month in writing and either in person or in writing at all other such times as directed by the probation officer.

☐ 3. Participate and cooperate fully in any program of assistance and counseling, whether vocational, medical, psychological or financial, as directed by the probation officer.

☑ 4. Remain gainfully employed or enrolled as a student at all times and shall keep the probation officer advised of such employment or schooling and progress therein.

☐ 5. Support all dependents and pay all debts and obligations contracted or ordered by Court.

☑ 6. Submit to search and seizure of person or property at any time by any probation officer without the benefit of a search warrant.

☑ 7. Not leave the State of Arizona without prior written approval of the probation officer, nor change place of residence without approval of the probation officer.

☑ 8. Not drink intoxicating and/or alcoholic beverages.

☐ 9. Not knowingly associate with any person of lawless reputation nor with any person who has a criminal record or who is on probation or parole without approval of the probation officer.

☑ 10. Not possess of use any drug or narcotic including marijuana or dangerous drugs in violation of any law.

AND AS SPECIAL TERMS DEFENDANT SHALL:

☑ 11. Participate and cooperate in any specified drug or alcohol rehabilitative program, either residential or out-patient, as directed by the probation officer.

☑ 12. Not possess or control any deadly weapon or firearm.

☑ 13. Submit to urinalysis testing as directed by the probation officer.

☐ 14. Make and pay restitution through the Clerk of the Superior Court of Maricopa County in the total amount of $_____ in regular monthly payments of $_____ each month beginning on _____ and on the _____ day of each month thereafter until paid in full.

☑ 15. Pay a fine to the Clerk of the Superior Court of Maricopa County in the amount of $_____ on or before _____, or in regular monthly payments of $_____ each month beginning on _____ and on the _____ day of each month thereafter until paid in full.

☑ 16. Pay a reimbursement to the Clerk of the Superior Court of Maricopa County in the amount of $ 50.00 on or before _____, or in regular monthly payments of $ 10. each month beginning on 8/1/81 and on the _____ day of each month thereafter until paid in full.

☐ 17. Be confined in the Maricopa County Jail in accordance with A.R.S. Sec. 13-901 for a period of _____ weekend(s), month(s), year beginning _____ . (Weekends begin at 6:00 p.m. on Friday and end at 6:00 p.m. on Sunday.)

☐ 18. Be committed to the Arizona Department of Corrections for a period of _____ days to date from _____ , and Defendant is to report in person to the Adult Probation Department in not more than 72 hours after release.

☐ 19. Not contract any new major financial obligations without permission of the probation officer.

☑ 20. Special conditions: 10 hrs. of work order

DATED 7/21/81

Judge of the Superior Court

RECEIPT AND ACKNOWLEDGMENT

I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THE FOREGOING TERMS AND REGULATIONS OF PROBATION. I UNDERSTAND THAT IF I VIOLATE ANY TERM OR CONDITION, THE COURT MAY REVOKE AND TERMINATE MY PROBATION AND IMPOSE A MAXIMUM SENTENCE ON ME IN ACCORDANCE WITH THE LAW. I AGREE TO WAIVE EXTRADITION FOR ANY PROBATION REVOCATION PROCEEDINGS WHICH OCCUR WITH REFERENCE TO PROBATION HEREIN GRANTED.

DATED 7/21/81

Defendant

Right

CONDITIONS AND REGULATIONS OF PROBATION

45-10
11/78

COURT FILE